## 8456. HARRELL et al. v. FIRST NATIONAL BANK OF EASTMAN.

JENKINS, J. J. F., W. L., and J. W. Harrell were the owners of certain personal property, and executed a mortgage thereon to the First National Bank of Eastman, in order to secure promissory notes. Subsequently the property was sold by its owners to Cooper and Hardy, who by the terms of the sale agreed to assume liability for the debt due to the bank and secured by the mortgage; it being further agreed that the title was to remain in the vendors until payment of the purchase-money. Cooper and Hardy executed their notes to the bank for the debt covered by the Harrell notes, the latter being surrendered by the bank and accepted by the Harrells with the following entry endorsed thereon: "This note is satisfied so far as J. F. Harrell, W. L. Harrell, and J. W. Harrell Jr. are concerned, except that the mortgage on the bottling plant is held as security for notes of Cooper and Hardy, purchasers of the said plant, which said Cooper and Hardy notes represent balance due under said mortgage." The mortgage held by the bank, securing the Harrell notes, was not surrendered, but was retained. The bank subsequently foreclosed the mortgage executed by the Harrells, who filed an affidavit of illegality setting up that the substitution of new notes for their notes operated as payment of their notes, so as to void the mortgage given to secure payment thereof. The case was tried by the presiding judge on an agreed statement of facts, and he rendered judgment allowing the foreclosure to proceed. *Held*, that the judgment was not erroneous. While it is true that a mortgage can have no existence apart from the debt which it is given to secure

(Civil Code (1910), §§ 3256, 3257; *Walker* v. *Neil*, 117 *Ga.* 733, 740, 45 S. E. 787), it is a well-settled rule of law that the intention of the parties is controlling as to whether or not, when one note. is given in substitution for another, the substituted note is to operate in extinguishment of the original debt (Civil Code (1910), § 4314; *Norton* v. *Paragon Oil Can Co.*, 98 *Ga.* 470, 25 S. E. 501; *Holmes* v. *Langston & Woodson*, 110 *Ga.* 861 (5)', 870, 36 S. E. 251; *Carlton Supply Co.* v. *Battle*, 142 *Ga.* 605, 83 S. E. 225, L. R. A. 1916A, 926); and where, as in this case, it clearly appears, by the express exception contained in the written agreement, that the satisfaction of the original note was conditioned upon the retention of the mortgage as a valid lien, such a substitution would not operate in extinguishment of the mortgage. 5 R. C. L. 456, note 6, and note 10; 27 Cyc. 1404, 1412; 1 Hilliard on Mortgages (2d ed.), 448 (4), (5), (6), et seq.

              *Judgment affirmed. Wade, C. J., and Luke, J., concur.*
              DECIDED NOVEMBER 1, 1917.

Mortgage foreclosure; from Irwin superior court—Judge George. December 19, 1916.

*M. B. Cannon, Quincey & Rice,* for plaintiffs in error.

*J. H. Milner,* contra.