## 22512.   Doss *et al.* v. Selman.

Stephens, J.   In a contract for the sale of mules, a recital or representation as to their ages is not a warranty, where the contract expressly provides that the seller guarantees "title only." The contract, therefore, excludes any warranty as to the age of the mules. *Purser* v. *Rountree,* 142 *Ga.* 836 (83 S. E. 958) ; *Harrell* v. *Holman,* 21 *Ga. App.* 159 (93 S. E. 1018). In a suit by the seller against the purchaser, to recover the purchase price, a plea which alleges that the plaintiff falsely and fraudulently misrepresented the ages of the mules, when in fact the mules were much older, and, by reason of their ages, were worthless, and that therefore the consideration for the contract had totally failed, set out no breach of a valid warranty; and since it appears nowhere from the plea that the defendant, upon the discovery of the alleged fraud, offered to rescind the contract by returning the mules, which he had in his possession, the plea failed to set out any defense on account of fraud. The plea, therefore, was properly stricken, and the rendition of a verdict and judgment for the plaintiff, was not error.

*Judgment affirmed.   Jenkins, P. J., and Sutton, J., concur.*

Decided January 21, 1933.

*Porter & Mebane,* for plaintiffs in error.   *C. D. Rivers,* contra.

## 22536.   Peebles *v.* Windham.

Stephens, J.   This being a suit upon a note, where the defendant pleaded payment and by an amendment to the plea prayed for the cancellation of the note and also of a deed to secure the indebtedness represented by the note which he had executed to the plaintiff, and the jury found for the defendant and a judgment was rendered decreeing a cancellation of the deed to secure debt and the note, the case was a proceeding in equity, and, as provided in the constitution of this State as amended by an amendment ratified in 1916, the Supreme Court, and not the Court of Appeals, has jurisdiction to entertain a bill of exceptions to a judgment overruling a motion for a new trial filed by the plaintiff. The motion of the defendant in error to transfer this case to the Supreme Court is hereby sustained.

*So ordered.   Jenkins, P. J., and Sutton, J., concur.*

Decided January 21, 1933.

*John B. Guerry,* for plaintiff.
*Homer Beeland, Gilbert C. Robinson,* for defendant.