40888, 40935.   COMMERCIAL MORTGAGE & FINANCE
CORPORATION v. NORTH AMERICAN INVESTORS,
INC.; and vice versa.

FRANKUM, Judge.   Commercial Mortgage & Finance Corporation
sued North American Investors, Inc. on a promissory note.
As finally amended, the petition shows that the promissory
note sued on, while otherwise in the usual form, contained a
"Notice of Subordination Agreement" incorporated therein as
a part thereof which stated that the note was given subject
to the provisions of a subordination agreement "of this date"
between the maker and the payee.   Insofar as is material to
an understanding of the rulings here made, the subordination
agreement, to which the note sued on is claimed to be sub-
ject, bears the same date as the original note, of which the
note sued on is a renewal and provides that it "shall be of a
term of one year"; that the moneys advanced to the maker
would be subject to the risks of the business of the maker;
that the right of the payee to demand or receive payment or
return of the funds advanced was subordinated to the claims
of "all present and future creditors" of the maker, and that
the agreement would not be terminated, rescinded or modi-
fied by mutual consent or otherwise "if the effect thereof
would be to make the agreement inconsistent with the con-
ditions of a 'satisfactory subordination agreement' as defined
in" Rule 15c 3-1 of the Securities and Exchange Commission,
or to reduce the net capital of the maker below the amount
required by the aforesaid rule.
Assuming that the allegations of the amended petition, when
considered with the exhibits attached thereto, show that the
note sued on was subject to the subordination agreement, it is
immaterial in a suit seeking judgment on such a note whether
there were any outstanding claims of general creditors of the
maker of the note on the date the note matured, and whether
a recovery on the note would have had the effect of rendering
the subordination agreement inconsistent with the conditions
of a "satisfactory subordination agreement," as defined in the
rule of the Securities and Exchange Commission referred to,
and whether such a recovery would have reduced the net
capital of the maker required by the provisions of said rule.
The instrument sued on was a promise on the part of the
defendant to pay the amount thereof one year from the date

thereof, subject only to the provisions of the subordination agreement referred to on the face of the note. There is nothing in the subordination agreement (which terminated on the due date of the note) which precludes a suit on the note, although there may be provisions therein which might be raised by defensive pleadings and, if shown by evidence, might affect the enforcement and collection of a judgment thereon. The petition shows that the note was past due, that demand for payment had been made and that payment had been refused. It follows that the trial court erred in sustaining the general demurrer to the petition. In the event the plaintiff should recover, the judgment should be molded so as to give effect to the provisions of the subordination agreement which might affect the enforcement and collection of the judgment.

■ The cross bill of exceptions assigns error on the judgment of the court overruling the defendant's motion to strike plaintiff's second amendment and on the overruling of a demurrer to the plaintiff's second amendment, both of which objected to the allowance of the amendment on the ground that it sought to change the allegations of the petition with respect to the nature of the subordination agreement referred to, in that it was originally alleged that the agreement was written, while by amendment plaintiff alleged that it was an oral agreement. The contention of the defendant is that the amendment sought to add a new and distinct cause of action to the petition. The original petition was a suit upon a note dated May 31, 1962, due one year after date in the principal sum of $5,872.10, with interest from date at 6 percent per annum, the note reciting on its face that it was given subject to the provisions of a subordination agreement "of this date," and reciting generally some of the terms thereof. The first amendment to the petition added a paragraph numbered 6, attaching a copy of the subordination agreement, which showed an agreement signed by the parties dated 31st day of May, 1961. The second amendment, the one which the defendant moved to strike, amended paragraph 6 by striking said paragraph and substituting a new paragraph which referred to Exhibit B as a copy of the subordination agreement, the terms of which were adopted by the parties, and further alleged that the note attached and sued upon was a renewal of a prior note dated May 31, 1961, in the same amount and

bearing the same rate of interest, copy of which is attached to the amendment, that at the time of the execution and delivery of the renewal note it was agreed that the renewal note would be subordinated for a period of one year from May 31, 1962, under the terms and conditions of the agreement dated May 31, 1961, but that no written agreement to this effect was entered into. The renewal of a contract or note is the re-establishment of the particular contract for another period of time, and a renewal, as distinguished from a mere extension, is usually evidenced by a new note or other instrument. *Georgia Nat. Bank v. Fry,* 32 Ga. App. 695 (1) (124 SE 542) ; *King v. Edel,* 69 Ga. App. 607, 612 (26 SE2d 365). The note and the subordination agreement here constituted a single contract, *Wardlaw v. Woodruff,* 175 Ga. 515 (12) (165 SE 557), *Wartman v. Brown,* 41 Ga. App. 288 (152 SE 596), and the renewal of the note extending the due date, which renewal note referred to the subordination agreement in the same language as the original, constituted a renewal and extension of the subordination agreement. See, in this connection, *Harrell v. First Nat. Bank of Eastman,* 21 Ga. App. 159 (93 SE 1018). Therefore, the allegation that upon the execution and the delivery of the renewal note extending the time of payment, the parties orally agreed to extend the subordination agreement was mere surplusage and the amendment did not change the cause of action from one on a written instrument to one on an oral contract. See, in this connection, *Lefkoff v. Sicro,* 189 Ga. 554, 555 (6 SE2d 687, 133 ALR 738). The demurrers and objections to the amendment were not meritorious, and the trial court properly overruled them.

*Judgment reversed on main bill; affirmed on cross bill. Russell and Pannell, JJ., concur.*

DECIDED FEBRUARY 17, 1965—REHEARING DENIED MARCH 16, 1965.

*Grant, Spears & Duckworth, Robert W. Spears,* for plaintiff in error.

*Hansell, Post, Brandon & Dorsey, Charles E. Martin, Jr., Robert L. Marchman, III, Albert G. Norman, Jr.,* contra.