A97A1138. KAYE et al. v. RYLAND GROUP, INC.
(492 SE2d 729)

MCMURRAY, Presiding Judge.

Mark Kaye and Brenda Kaye instituted an action against the Ryland Group, Inc. ("Ryland"), claiming Ryland's agent committed

fraud by selling them a house while concealing the fact that a nearby road was scheduled to be moved closer to the house. According to the complaint, the agent led the Kayes to believe the road "might" be moved, but only by a few feet. Ryland moved for summary judgment based on a "merger" or "entire agreement" clause in the sales contract, which stated in part: "There are no oral or other written agreements or representations, directly or indirectly, connected with this agreement. We make no representations concerning any land adjacent to or near the property. We will not be bound by any other representations made by any salesperson or other person." The trial court, finding the Kayes had affirmed the contract and had made no effort to rescind it, found this contract provision barred the Kayes' claims. The Kayes appeal the trial court's grant of summary judgment based on those findings. *Held*:

On appeal of this grant of summary judgment, we review the trial court's rulings de novo, construing the evidence strongly in favor of the non-movants, the Kayes. As movant, Ryland was entitled to summary judgment only if it showed, by undisputed facts, a lack of evidence to support an essential element of the Kayes' claim. *Gentile v. Bower*, 222 Ga. App. 736 (477 SE2d 130) (1996).

A party claiming he or she was fraudulently induced to enter a contract has two possible remedies: (1) to promptly rescind the contract after discovering the fraud and sue in tort for the recovery of the contract's consideration, as well as any other damages resulting from the fraud; or (2) affirm the contract and sue for damages resulting from the fraud. *Hightower v. Century 21 Farish Realty*, 214 Ga. App. 522, 523 (1) (448 SE2d 271) (1994). Where the party elects the second option and affirms the contract, however, he or she is bound by its terms. In this case, the contract's "merger" provision would estop a party bound by the terms of the contract from arguing that he or she relied on representations other than those contained in the contract. See *Rampey v. Jay Pontiac GMC Truck*, 211 Ga. App. 632, 633 (440 SE2d 52) (1993); *Carpenter v. Curtis*, 196 Ga. App. 234, 236-237 (395 SE2d 653) (1990). The crucial question in this case, therefore, is whether the Kayes are bound by the terms of the sales contract.

" 'Where a party who is entitled to rescind a contract on ground of fraud or false representations, and who has full knowledge of the material circumstances of the case, freely and advisedly does anything which amounts to a recognition of the transaction, or acts in a manner inconsistent with a repudiation of the contract, such conduct amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable in equity. . . .' [Cit.]" *Roller-Ice v. Skating Clubs of Ga.*, 192 Ga. App. 140, 142 (384 SE2d 235) (1989) (physical precedent); see also *Flair Fashions v. SW CR Eisenhower*

*Drive, Inc.*, 207 Ga. App. 78, 79 (427 SE2d 56) (1993).

Here, the affidavit of plaintiff Mark Kaye states that he and Brenda Kaye purchased their home from Ryland in September 1994. After they purchased the home, the Georgia Department of Transportation ("DOT") condemned part of the property for an easement. The affidavit does not clearly state how or when the DOT obtained this easement. Pleadings the plaintiffs submitted in response to Ryland's motion for summary judgment state the Kayes "negotiated a settlement" with DOT for this easement. In their appellate brief, the plaintiffs state this settlement was entered a year after the purchase. There is no question that at the time the Kayes negotiated the easement with DOT, they knew of the alleged concealment or misrepresentation made by Ryland's agent. By transferring an interest in the property to DOT, the Kayes claimed it as their own and showed an intent to affirm the purchase. These acts were inconsistent with a repudiation of the transaction. See *Orion Capital Partners, L.P. v. Westinghouse Elec. Corp.*, 223 Ga. App. 539, 542 (2) (b) (478 SE2d 382) (1996) (in suit by purchasers of company, management decisions made after fraud discovered showed intent to affirm contract). Although the Kayes filed suit against Ryland in March 1996, the record shows their only effort to rescind the contract was a prayer for relief included in an amended complaint filed after Ryland moved for summary judgment. The Kayes' silence shows their acquiescence in the transaction, *Hightower v. Century 21 Farish Realty*, 214 Ga. App. 522, supra, and their efforts to rescind were untimely. *Consulting Constr. Corp. v. Edwards*, 207 Ga. App. 296, 298 (1) (427 SE2d 789) (1993) (attempts to rescind contract in response to motion for summary judgment were untimely).

Citing *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589, 590 (411 SE2d 518) (1991), the Kayes contend they were not required to tender the home to Ryland in order to rescind the contract. In *Crews*, this Court held that an offer to return vehicles to the defrauding dealer was not required where that action would not have relieved the plaintiffs of debts owed on the vehicles to a third-party lender. Even if this precedent shows the Kayes were not required to tender the house to Ryland, it does not change the result in this case. As this Court noted in *Owens v. Union City Chrysler-Plymouth*, 210 Ga. App. 378, 380 (436 SE2d 94) (1993), the plaintiffs in *Crews*, supra, were excused from tendering their vehicles *and* had done nothing to *affirm* the purchases. In this case, the Kayes did affirm the contract. Moreover, although the Kayes argue the terms of their mortgage would not allow them to tender the property to Ryland, the record contains no copy of the mortgage agreement supporting that conclusion.

As the trial court properly found the Kayes affirmed the transaction at issue, they are bound by the terms of the merger clause con-

tained in the sales contract. The trial court, therefore, did not err in awarding Ryland summary judgment.

*Judgment affirmed. Beasley, J., concurs. Smith, J., concurs in the judgment only.*

DECIDED OCTOBER 7, 1997.

*Weinstock & Scavo, Steven M. Winter, Louis R. Cohan*, for appellants.

*Bovis, Kyle & Burch, William B. Barrickman*, for appellee.