A99A2415. ROLLING PIN KITCHEN EMPORIUM, INC. et al.
v. KAAS.
(527 SE2d 248)

SMITH, Judge.

Rolling Pin Kitchen Emporium, Inc. and Aropi, Inc. appeal from the trial court's grant of judgment on the pleadings to Glenn D. Kaas in the suit brought by Kaas to recover debts arising from the purchase of the business in which Kaas was the sole shareholder and chief executive officer. We find that the trial court correctly entered judgment on the pleadings in favor of Kaas, and we affirm the judgment.

The record shows that in their answers, Rolling Pin and Aropi admitted all allegations of Kaas's complaint essential to his recovery, except that they denied the allegations in Count 6, which sought attorney fees and expenses because of bad faith and stubborn litigiousness. The defendants also asserted the affirmative defense of estoppel, alleging that Kaas's "complaint may be barred by the doctrine of estoppel based on subordination agreements between plaintiff and third parties."

When negotiations between the parties failed, Kaas filed an emergency motion for judgment on the pleadings and an expedited hearing. In his motion, Kaas waived recovery under Count 6. After considering the arguments of counsel, the trial court dismissed Count 6, which Kaas had waived, and granted Kaas's motion for judgment on the pleadings.

1. Kaas's motion to dismiss the appeal for mootness is denied.

2. Rolling Pin and Aropi contend on appeal that the trial court erred in granting judgment on the pleadings because they had asserted an affirmative defense. We find no merit in this contention.

In deciding a motion for judgment on the pleadings, the issue is whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. *Bishop v. Westminster Schools*, 196 Ga. App. 891, 892 (1) (397 SE2d 143) (1990). In deciding whether the movant is entitled to judgment as a matter of law, "all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Citation and punctuation omitted.) *Morgan v. Wachovia Bank*, 237 Ga. App. 257, 258 (2) (514 SE2d 239) (1999). But this applies to *factual* allegations. The trial court "need not adopt a party's legal conclusions based on these facts. OCGA § 9-11-12 (c). [Cit.]" *Lewis v. Turner Broadcasting System*, 232 Ga. App. 831, 832 (2) (503 SE2d 81) (1998). The trial court therefore was required to accept as true the factual allegation that Kaas had subordinated his claims to those of other creditors. But the trial court was not required to accept the defendants' legal conclusion that these subordination agreements barred Kaas's complaint.

And indeed, that legal conclusion is erroneous. Subordination agreements pertain to the collection or execution of judgments. Even when a claim is subordinated to the claims of others, such a subordination agreement is simply immaterial to the issue of whether that claim may be pursued and reduced to judgment. See generally *Commercial Mtg. &c. Corp. v. North American Investors*, 111 Ga. App. 355-356 (1) (141 SE2d 768) (1965). Because the existence of subordination agreements did not affect Kaas's right to recover and Rolling Pin and Aropi admitted all the essential elements of Kaas's complaint, the trial court correctly entered judgment on the pleadings in favor of Kaas.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 16, 1999.

*Womble, Carlyle, Sandridge & Rice, Everett W. Gee III, Carl L. Meyer*, for appellants.

*Nelson, Mullins, Riley & Scarborough, Shawn A. Kachmar, Arnall, Golden & Gregory, Charles T. Huddleston*, for appellee.

