### A00A1811. HERMAN HOMES, INC. v. SMITH et al.
(547 SE2d 591)

RUFFIN, Judge.

Herman Homes, Inc. was the builder of several homes in the Sierra Highlands subdivision. After Johnnie Smith and other individuals purchased homes in the community (collectively "the homeowners"), they discovered drainage problems on their property. The homeowners sued Herman Homes, alleging, inter alia, that the builder knew of the drainage problems, yet fraudulently induced them to enter into their purchase agreements by failing to disclose the defects.[1] Herman Homes moved for summary judgment on the fraudulent inducement claims, arguing that because the purchase agreements contained an entire agreement clause, and the homeowners elected to affirm the agreements, they were estopped as a matter of law from relying on any purported misrepresentations. The trial court denied the motion, but certified its ruling for immediate review. We granted Herman Homes' application for interlocutory appeal, and for reasons which follow, we reverse the trial court's ruling.

1. On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of record, viewed in the light most favorable to the nonmoving party, demonstrates any genuine issue of material fact.[2] Summary judgment is proper only

that do not evidence a change in condition sufficient to support the trial court's order.

[12] *Ormandy,* supra at 782.

[1] The homeowners also sued the subdivision developer who is not a party to this appeal. In addition, although not at issue in this appeal, the plaintiffs also claim that Herman Homes is liable for breach of contract, breach of warranty, and attorney fees.

[2] See OCGA § 9-11-56 (c); *Leal v. Hobbs,* 245 Ga. App. 443 (538 SE2d 89) (2000).

when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[3]

In this case, the homeowners acknowledge that their respective purchase agreements with Herman Homes contain merger clauses which provide that

> any other agreement entered into by any parties in connection with this transaction is attached to the sales contract. This contract constitutes the entire agreement between the parties, and no change or modification shall be made without the prior written consent of both parties.

After moving into their homes, the homeowners experienced problems with storm water run-off from adjacent property pooling on their property. The homeowners hired an engineer to investigate the problem. The engineer found that, contrary to the requirements of the final subdivision plat, the developer and the builder, Herman Homes, had not made any provisions to direct the flow of surface water run-off to the drainage facilities to be constructed by the developer. The engineer concluded that this was the cause of the homeowners' surface water pooling problems.

The homeowners subsequently filed this action, alleging that the accumulation of water has damaged their landscaping, foundations, and septic tanks. The homeowners contend that Herman Homes concealed the drainage defects to fraudulently induce them to enter into their purchase agreements. However, in their verified complaint, the homeowners expressly acknowledged that they had the option of either rescinding or affirming their purchase agreements and elected "to affirm the purchases of their respective properties and [sue] to recover from the Defendants damages for the diminution of the value of their respective property caused by such latent defects undisclosed. . . ."

Under these circumstances, we agree with Herman Homes that the trial court should have granted the defendant summary judgment on the homeowners' fraudulent inducement claims. This is because when a home buyer elects to affirm a purchase agreement which contains a merger or entire agreement clause, he or she is precluded from recovering for the seller's alleged fraudulent inducement based on misrepresentations made outside the contract.[4] The entire

---

[3] See id.; see also *Paden v. Murray*, 240 Ga. App. 487 (523 SE2d 75) (1999).

[4] See *Paden*, supra at 488 (1) (buyer who affirmed contract was precluded from recovering for seller's alleged failure to disclose several structural defects in house); *Estate of Sam Farkas, Inc. v. Clark*, 238 Ga. App. 115, 117-118 (1) (517 SE2d 826) (1999) (buyer who affirmed contract was precluded from recovering for seller's alleged failure to disclose that it entered one-year lease with existing tenant of purchased property); *Ben Farmer Realty Co. v.*

agreement clause "operates as a disclaimer, establishing that the written [agreement] completely and comprehensively represents all the parties' agreement."[5] The purchaser is, therefore, barred from claiming that he or she relied on an alleged misrepresentation not contained within the agreement.[6]

In this case, it appears that the homeowners are relying on purported misrepresentations made by Herman Homes outside the purchase agreement. The homeowners have not pointed to any language in the agreement in which Herman Homes allegedly misrepresents the drainage conditions, and they have not shown that the specific plats relied upon or any other misrepresentations were incorporated into the agreement.[7]

The rule announced by our Supreme Court in *Wilhite v. Mays*[8] does not change the result. There, the Supreme Court affirmed the rule that where a seller passively conceals a latent defect in the property, and the buyer is induced to enter the purchase agreement by such fraud, the buyer is not bound by the general rule of caveat emptor, but may instead elect to rescind the contract or affirm the contract and sue for damages resulting from the fraud.[9] The issue of whether a merger clause in the purchase agreement would prevent such recovery for fraud was not before the Court, and the Court's opinion did not purport to address this issue.

2. In light of our ruling in Division 1, it is unnecessary to address Herman Homes' other enumerations of error.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 14, 2001 —
RECONSIDERATION DENIED APRIL 12, 2001 

*Andersen, Davidson & Tate, William M. Ray II, Christopher R. Stovall*, for appellant.

---

*Woodard*, 212 Ga. App. 74, 77 (441 SE2d 421) (1994) (buyer who affirmed contract was precluded from recovering for seller's alleged failure to disclose fire damage and misrepresentation that property was structurally sound); *Kaye v. Ryland Group*, 228 Ga. App. 742, 743 (492 SE2d 729) (1997) (physical precedent only) (buyer who affirmed contract was precluded from recovering for builder's alleged concealment of knowledge that road would be moved closer to home).

[5] (Punctuation omitted.) *Clark*, supra at 118.

[6] See id.

[7] We note that the land descriptions in the homeowners' purchase agreements refer to a recorded plat of survey. Although referenced plats are ordinarily considered as incorporated into the description, see *Hanners v. Woodruff*, 257 Ga. 73, 74 (354 SE2d 826) (1987), the homeowners have neither argued nor established that the plats referenced in the land descriptions are the same plats which contained the drainage requirements for their lots.

[8] 239 Ga. 31 (235 SE2d 532) (1977).

[9] See id.

*Jones & Walling, D. Richard Jones III, W. Dent Acree*, for appellees.