## A10A0972. SARIF et al. v. NOVARE GROUP, INC. et al.
### (703 SE2d 348)

MILLER, Chief Judge.

In this action arising from the sale of individual condominium units in the Twelve Atlantic Station Hotel and Residences building ("TWELVE"), David Sarif, Les Retter, Jay Baker, Ron Agami, Jonathan Samuels, Donna Wong, Sean Warren, and Shaun Wein-

---

[1] 287 Ga. 618 (697 SE2d 775) (2010).
[2] 294 Ga. App. 888 (670 SE2d 555) (2008).

stock ("Appellants") sued Novare Group, Inc., WN Atlantic Properties, LLC, Atlantic WN Properties, Inc., Twelve Hotels and Residences, LLC, Novare Group Holdings, LLC, Novare Realty, LLC, Michael Everly, and James Borders ("Appellees"), alleging fraud in the inducement, negligent misrepresentation, negligent supervision, negligence (by Everly and Borders) and violation of the Georgia Fair Business Practices Act. The trial court granted Appellees' motion for judgment on the pleadings on Appellants' claims and denied Appellants' motion for summary judgment. Appellants appeal from the order granting Appellees' motion for judgment on the pleadings, arguing that the trial court's findings were in error. Appellants also contend that the trial court erred in staying Borders's deposition, denying their motion for summary judgment, and failing to rule on their motion to compel.

We affirm in part on the claims of fraud in the inducement by passive concealment and negligence (by Everly and Borders) and reverse in part on claims of fraud in the inducement by active concealment, negligent misrepresentation, negligent supervision, and violation of the Georgia Fair Business Practices Act. Discerning no other error, we affirm the trial court's rulings on discovery and summary judgment.

"On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his favor." (Punctuation and footnote omitted.) *Ameris Bancorp v. Ackerman*, 296 Ga. App. 295 (674 SE2d 358) (2009). "[A]ll well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Punctuation omitted.) *Rolling Pin Kitchen Emporium v. Kaas*, 241 Ga. App. 577, 578 (2) (527 SE2d 248) (1999).

So viewed, the record shows that, in 2005 and 2006, Appellees marketed and advertised condominiums at the TWELVE to the general public and Appellants as having "spectacular city views" of downtown Atlanta and provided written materials regarding same. Appellees also promised and represented to Appellants that any future development directly opposite the TWELVE would be a low to mid-rise office building which would not obstruct Appellants' city views and would not be built for at least five years. In doing so, Appellees knew these representations were false and concealed from Appellants their planned development of the Atlantic, a 46-story tower, directly across from the TWELVE. Between August and November 2005, each of the Appellants entered into agreements with WN Atlantic Properties, LLC to purchase a condominium unit at the TWELVE.

All the purchase agreements contain a comprehensive merger clause:

> 24. **ENTIRE AGREEMENT**. This Agreement contains the entire agreement between the parties hereto. No agent, representative, salesman or officer of the parties hereto has authority to make, or has made, any statements, agreements, or representations, either oral or in writing, in connection herewith, modifying, adding to, or changing the terms and conditions hereof and neither party has relied upon any representation or warranty not set forth in this Agreement. No dealings between the parties or customs shall be permitted to contradict, vary, add to, or modify the terms hereof.

The purchase agreements also contain an express disclaimer stating that Appellants have not relied upon any

> advice, representations or statements of [b]rokers and waive and shall not assert any claims against [b]rokers involving the same. . . . [Appellants] agree that [b]rokers shall not be responsible to advise . . . them on any matter, including . . . any condition(s) existing off the Condominium that may affect the Condominium[.]

Additionally, each of the purchase agreements contains a disclosure provision, in which Appellants acknowledge and understand that "[t]he views from . . . the Unit may change over time due to, among other circumstances, additional development and the removal or addition of landscaping."

In September 2008, it became apparent to Appellants that construction of the Atlantic would block their views and result in decreased property values. On December 31, 2008, Appellants notified Appellees of their intent to rescind the purchases and to file claims under the Fair Business Practices Act. This lawsuit followed.

1. Appellants argue that the trial court erred in granting Appellees' motion for judgment on the pleadings on each of their claims.

(a) *Fraudulent inducement via active concealment.* A plaintiff who claims that he was fraudulently induced into entering a contract may elect one of two remedies: "affirm the contract and sue to recover damages for its breach or rescind the contract and sue in tort to recover damages for fraud." (Footnote omitted.) *Dyer v. Honea*, 252 Ga. App. 735, 739 (3) (a) (557 SE2d 20) (2001). If a party "elects to affirm the contract, the merger clause estops him from asserting

that he relied upon antecedent oral representations." (Footnote omitted.) Id. On the other hand, "the question of reliance on the alleged fraudulent misrepresentation in tort cases cannot be determined by the provisions of the contract sought to be rescinded but must be determined as a question of fact by the jury." (Citation and punctuation omitted.) *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589, 591 (2) (411 SE2d 518) (1991).

Construing the pleadings favorably to Appellants (*Rolling Pin*, supra, 241 Ga. App. at 578 (2)), Appellants notified Appellees that they were rescinding their purchases before they filed the instant action. See *Consulting Constr. Corp. v. Edwards*, 207 Ga. App. 296, 298 (1) (427 SE2d 789) (1993) (generally, rescission "must occur prior to, and *as a condition precedent to the bringing of the action*") (citations and punctuation omitted; emphasis in original). Although the first amended complaint does not contain a separate claim for rescission, it also does not express "a clear election to affirm the purchase and sale agreement[,]" as no breach of contract claim is alleged. *Conway v. Romarion*, 252 Ga. App. 528, 531-532 (1) (557 SE2d 54) (2001) (where purchaser did not express a clear intent to affirm the purchase and sale agreement and there was no separate claim for rescission, allegations of fraud in complaint could support a rescission claim). Thus, the trial court erred in finding that Appellants affirmed the purchase agreements by failing to timely demand rescission before the filing of their complaint. While Appellees contend that Appellants were not diligent in demanding rescission, the trial court "need not adopt a party's legal conclusions based on these facts." (Citations and punctuation omitted.) *Rolling Pin*, supra, 241 Ga. App. at 578 (2).

Consequently, the trial court also erred in ruling that the merger clause precluded Appellants "from asserting reliance upon any representations or understandings outside of the [p]urchase [a]greements" and concluding that their fraud in the inducement claim was barred as a matter of law. Compare *Herman Homes, Inc. v. Smith*, 249 Ga. App. 131, 132-133 (547 SE2d 591) (2001) (where buyer "elects to affirm a purchase agreement which contains a merger or entire agreement clause, he . . . is precluded from recovering for the seller's alleged fraudulent inducement based on misrepresentations made outside the contract").

Taking the allegations of Appellants' pleadings as true, the complaint sufficiently sets forth a claim of fraud via active concealment as Appellees planned to build the Atlantic directly across from the TWELVE, knowing that the Atlantic would be a high-rise exceeding the height of the TWELVE, yet prevented Appellants from discovering such fact until the closing of all initial sales of the TWELVE condominiums. See *Ikola v. Schoene*, 264 Ga. App. 338 (590

YALE LAW LIBRARY

SE2d 750) (2003) (fraud in the sale of real estate may be predicated upon a wilful misrepresentation of a fact which the seller does not discuss, yet takes steps to prevent discovery by the purchaser); *Bradley v. British Fitting Group*, 221 Ga. App. 621, 624 (4) (472 SE2d 146) (1996) (when a promise as to future events is made "with a present intent not to perform or where the promisor knows that the future event will not take place," a claim for actionable fraud lies) (citations and punctuation omitted). As such, the trial court erred in granting judgment to Appellees with respect to this claim.

(b) *Fraudulent inducement by passive concealment.* The "passive concealment" doctrine, which applies to disputes between residential homeowners and residential builder/seller, is an exception to the general rule of "caveat emptor." See *Browning v. Stocks*, 265 Ga. App. 803, 804 (1), n. 2 (595 SE2d 642) (2004). Given that Appellants have not alleged a latent construction defect in their condominiums, the doctrine is inapplicable to a claim that Appellees concealed their plan to develop the Atlantic. See *Worthey v. Holmes*, 249 Ga. 104, 105 (2) (287 SE2d 9) (1982) (passive concealment claim only applies to "latent building construction defects about which [the purchaser] did not know and in the exercise of ordinary care would not have discovered . . ."). Thus, the trial court's ruling was not error.

(c) *Negligent misrepresentation.* Appellants contend that Appellees supplied false information to them upon which they reasonably relied, and as a result, Appellants suffered damages. We agree that the pleadings sufficiently set forth a claim for negligent misrepresentation. See *Smiley v. S & J Investments*, 260 Ga. App. 493, 498 (2) (580 SE2d 283) (2003) (the elements of a negligent misrepresentation claim are: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance") (citation and punctuation omitted).

Having concluded that the trial court erred in finding that Appellants affirmed the purchase agreements, it likewise erred in ruling that the terms of the agreements "preclude [Appellants] from showing justifiable reliance on any alleged misrepresentations by [Appellees'] sales agents as a matter of law." See *Hightower v. Century 21 Farish Realty*, 214 Ga. App. 522, 524 (2) (448 SE2d 271) (1994) (when purchaser affirms contract, he is bound by contract terms, including provision disclaiming that he relied upon representations made by seller; these same principles apply to negligent misrepresentation cases). Appellees were not entitled to judgment as a matter of law on this claim.

(d) *Negligent supervision.* Construed favorably to Appellants, the pleadings show that Appellees "knew or should have known that

the actions of their agents and employees . . . would cause harm to purchasers at [TWELVE], such as [Appellants], and [i]t was reasonably foreseeable that the actions of [Appellees'] agents and employees would cause harm to [Appellants]." Since we have also accepted as true the fact that Appellees concealed the planned development of the Atlantic from Appellants, we find, for purposes of the motion for judgment on the pleadings, that Appellees reasonably knew its employees would misrepresent or conceal the development of the Atlantic from Appellants. See *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 863 (1) (596 SE2d 604) (2004) (employer may be liable where there is sufficient evidence that employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior causing plaintiff's injury). Thus, the trial court erred in granting judgment to Appellees on the negligent supervision claim.

(e) *Negligence (by Borders and Everly).* As to this claim, Appellants allege that Borders and Everly, corporate officers of Novare Group, Inc. and Novare Realty, LLC, respectively, failed to operate the Novare entities in a reasonably prudent manner and exercise ordinary care by committing negligent, reckless, and intentional acts as to concealment of the development of the Atlantic, and that these acts proximately caused damages to Appellants. Appellants, however, alleged no valid duty owed by Borders and Everly to them. See *Oswell v. Nixon*, 275 Ga. App. 205, 207 (1) (620 SE2d 419) (2005) ("An essential element of a tort claim is the existence of a duty owed by the defendant to the purported plaintiff.") (footnote omitted). Accordingly, the trial court did not err in granting judgment to Appellees on the negligence claim.

(f) *Fair Business Practices Act violation.* Appellants argue that the trial court erred in finding that their Fair Business Practices Act ("FBPA") claim was barred by the two-year statute of limitation and that Appellants failed to prove justifiable reliance, an essential element of the FBPA, given the operation of the merger clause in the purchase agreements. We agree on both grounds.

(i) *Statute of limitation.* Appellants challenge the trial court's finding that their FBPA claim was barred by the statute of limitation because they could not have first maintained their action to a successful result until September 2008. See OCGA § 10-1-401 (a) (1) ("No action shall be brought under [the FBPA] . . . [m]ore than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation. . . .").

"[I]t is a general and established principle of law that the statute of limitation begins to run from the time the right of action accrues." (Citations and punctuation omitted.) *Tiismann v. Linda Martin Homes Corp.*, 279 Ga. 137, 138 (610 SE2d 68) (2005). "The true test to determine when the cause of action accrued is to ascertain the

time when the plaintiff could first have maintained his action to a successful result[,]" rather than the timing of the alleged violation. (Citation and punctuation omitted.) Id. at 138-139.

Construing the pleadings in Appellants' favor, we find that Appellants could not have suffered any damages until September 2008 when it became apparent that construction of the Atlantic blocked their views and that the value of their properties would be substantially diminished. See *Campbell v. Beak*, 256 Ga. App. 493, 494 (4) (568 SE2d 801) (2002) (measure of damages for FBPA claim "is that of actual injury suffered") (citation and punctuation omitted); see also *Zeeman v. Black*, 156 Ga. App. 82, 86-87 (273 SE2d 910) (1980) (the elements of a FBPA claim are a violation of the Act, causation and injury). Therefore, the FBPA claim asserted in March 2009 was not barred by the statute of limitation.

(ii) Given that "a seller may not by contract, agreement, or otherwise limit the operation of [the FBPA] notwithstanding any other provision of law[,]" the trial court also erred in finding that Appellants failed to show the essential element of justifiable reliance. OCGA § 10-1-393 (c); *Johnson v. GAPVT Motors*, 292 Ga. App. 79, 85 (2) (663 SE2d 779) (2008) (merger clause in agreement directly contradicts express provisions of FBPA and is inapplicable to such claim). As such, the trial court erred in granting judgment to Appellees on the FBPA claim.

2. Appellants contend that the trial court erred (i) in staying Borders's deposition, (ii) in denying their motion for summary judgment based on Appellees' failure to respond to its request for admissions, and (iii) in failing to rule on its motion to compel prior to granting Appellees' motion for judgment on the pleadings. These claims lack merit.

(a) *Stay of Borders's deposition.* Shortly after the complaint was filed, Appellants noticed the deposition of Borders, in response to which Appellees filed a motion for protective order and to stay proceedings. On July 10, 2009, the trial court entered an order staying Borders's deposition, given Appellees' pending motions, including their motion to dismiss and for judgment on the pleadings and motions in two related actions which were to be heard on September 15, 2009. We find no abuse of discretion in the trial court's ruling. See *Dempsey v. Kaminski Jewelry*, 278 Ga. App. 814, 818 (2) (630 SE2d 77) (2006).

(b) *Denial of Appellants' motion for summary judgment.* The trial court denied Appellants' motion for summary judgment on the basis that the motion was unsupported by any evidence. Finding that Appellees' responses to Appellants' first request for admissions were timely and asserted objections to the request for admissions, the trial court concluded that the responses could not be deemed admitted by

operation of law. The objections cited attorney work product, attorney client privilege, discovery intended to harass Appellees, and the trial court's failure to rule on two pending discovery motions. We find no error in the trial court's ruling. See OCGA § 9-11-36 (a) (2) (a request for admissions is admitted unless within 30 days after service of the request or other time allowed by the court, "the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney").

(c) *Pendency of motion to compel.* The trial court scheduled a hearing on all pending motions for September 15, 2009. On July 27, 2009, in response to Appellees' motion for protective order, Appellants filed a motion to compel seeking an order to compel Borders's deposition. At the hearing, the trial court considered all pending motions and entered orders granting Appellees' motion for judgment on the pleadings, denying Appellants' motion for summary judgment, and denying all other pending motions. Since the transcript from the motions hearing or a statutorily-authorized substitute is not included in the record on appeal, we presume that the trial court properly considered Appellants' motion to compel and the evidence was sufficient to support its rulings. See *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999).

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 2010 — ■

*Weinstock & Scavo, Wallace H. Ehrenclou, James R. Fletcher II,* for appellants.

*Troutman Sanders, William N. Withrow, Jr., Thomas E. Reilly, Brian P. Watt,* for appellees.