**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 11, 2013**

# In the Court of Appeals of Georgia

A13A0805. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. CROFT et al.

BRANCH, Judge.

Vincent and Patricia Croft seek a declaration that their homeowner's insurance carrier is liable for the full replacement cost to rebuild their house even though it was only partially damaged by fire. The Crofts allege that because the house is located in a flood plain and was damaged by more than 50 percent of its value, a county ordinance requires that any repair to the house must conform to requirements for new construction, which will necessitate rebuilding the house. The carrier informed the Crofts that any damages subject to the "code upgrade exclusion" in the Croft's policy would not be covered. In response to motions from both sides, the trial court held that the exclusion was not enforceable, and it therefore granted judgment on the pleadings

in favor of the Crofts and denied the carrier's motion for summary judgment. The carrier appeals. We affirm the denial of the carrier's motion but reverse the judgment in favor of the Crofts.

A plaintiff is entitled to a judgment on the pleadings under OCGA § 9-11-12 (c) only when there is a complete failure to state a defense to the plaintiff's claims and, based on the undisputed facts found in the pleadings, the plaintiff is entitled to judgment as a matter of law. *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) (1978); *Perry Golf Course Dev. v. Housing Auth. of the City of Atlanta*, 294 Ga. App. 387 (670 SE2d 171) (2008). For the purposes of the motion, all of the non-movant's well-pleaded material allegations are to be taken as true, and all of the movant's (here, the Crofts) allegations that have been denied are taken as false. Id. See also *Alexander v. Wachovia Bank, Nat. Assn.*, 305 Ga. App. 641 (700 SE2d 640) (2010) (same). And "the trial court is not required to adopt a party's legal conclusions based on those facts." (Citation omitted.) *Novare Group v. Sarif*, 290 Ga. 186, 191 (4) (718 SE2d 304) (2011). Also, a trial court may consider "exhibits that have been incorporated into the pleadings." (Footnotes omitted.) *Printis v. Bankers Life Ins. Co.*, 256 Ga. App. 266 (568 SE2d 85) (2002), aff'd 276 Ga. 697 (583 SE2d 22) (2003). Our review, in accordance with the above law, is de novo. *Perry Golf*, supra at 387.

So construed, the pleadings show that the Crofts' Glynn County home was significantly damaged by fire on August 18, 2011. After the fire, the Crofts received an estimate that the cost of repair was $179,871.19. They also received an appraisal of their home "as of April 17, 2012" that shows the "depreciated cost of building improvements" on the property was $308,133.58. The Crofts applied to Glynn County for a building permit to make repairs based on the $179,871.19 estimate and the appraised value of the home. Glynn County found the permit application to be "non-compliant" because the structure is located in an "AE Special Flood Hazard Area and appears to be substantially damaged." The County explained:

> Buildings having sustained substantial damage must be brought into compliance with the requirements for new construction. Please note that substantial damage means damage of any origin sustained by a structure whereby the cost of restoring the structure to it's [sic] before damaged condition would equal or exceed 50 percent of the market value of the structure before the damage occurred. Based on your submitted appraisal of $308,133.58, the maximum allowed scope of work would be limited to $154,066.79. Your total cost of $179,871.19 exceeds the allowed value.

The Crofts filed a claim with Georgia Farm Bureau Mutual Insurance Company ("GFB"), their homeowner's insurance carrier, seeking coverage for their loss, and

they eventually forwarded a copy of the Glynn County letter in support of their claim for total replacement of their home. GFB responded and informed the Crofts that GFB's own appraisal of the damage showed the home could be repaired for $147,186.44, which was less than 50 percent of the appraised value of the home. GFB also stated that their policy contains an exclusion for "law or ordinance issues." [1]

The Crofts thereafter filed this action seeking a declaration that GFB was required to pay them "the full replacement costs to rebuild their home." The Crofts incorporated a copy of the policy in their complaint. In addition to the request for declaratory relief, the Crofts alleged that GFB engaged in bad faith and fraudulent

---

[1] The policy sets forth the "Ordinance or Law" exclusion, as follows:

Section I - Exclusions
1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

a. Ordinance or Law, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under the policy.

For an additional premium, GFB offers a separate endorsement providing coverage for property loss caused by the enforcement of an ordinance or law. But the Crofts did not purchase such an endorsement for the subject property.

conduct, such as by giving them assurances that GFB would "fulfill its obligations pursuant to the Homeowners Policy with the Plaintiffs." The Crofts also seek punitive damages, litigation expenses, and interest. The Crofts later moved for judgment on the pleadings on the grounds that the policy provides coverage for the full replacement cost to rebuild their home.

GFB moved for summary judgment on the grounds that the Ordinance or Law exclusion is valid and enforceable and that even if the exclusion is not enforceable, issues of fact remain as to whether the actual cost of repairing the Croft home is sufficient to trigger Glynn County's code upgrade ordinance. The Crofts did not reply to GFB's motion. In October 2012, the superior court entered an order, which it later amended, in which it held that the Crofts "reasonably expected that if their residence was destroyed their insurance policy would cover the cost to build a replacement building"; that the Crofts suffered a "constructive total loss" as a result of the fire; that the Ordinance or Law exclusion is ambiguous; that the exclusion can reasonably be construed not to preclude coverage; and that as a result, the exclusion "is not applicable and is unenforceable." The trial court therefore granted the Crofts' motion for judgment on the pleadings and denied GFB's motion for summary judgment. GFB appeals both rulings.

5

1. The trial court erred by granting judgment on the pleadings in favor of the Crofts because the applicable ordinance is not in the record and because, even if we accept the Crofts' allegations regarding the ordinance, there remain issues of fact on their claim that a county ordinance requires them to rebuild their house.

Both the Crofts' arguments and the trial court's decision are based on an ordinance that is not in the record. The Crofts argue that a Glynn County ordinance or building restriction prohibits them from repairing their home without rebuilding it, and the trial court found that "bringing the home into compliance with the current code requirements for new construction in a flood area . . . would require that the house be razed."[2] But no such ordinance or code can be found in the pleadings or in the record, let alone a certified copy of the ordinance, which is required to properly prove an ordinance; and GFB has not admitted to the wording of any such ordinance.[3]

---

[2] In fact, the letter from Glynn County does not state that the house has to be razed; it only states that the Crofts must submit plans that bring the house into compliance with new building requirements.

[3] *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997) (prior to January 1, 2013, proper method of proving an ordinance is "by production of the original or of a properly certified copy") (citation omitted). *Prime Home Properties v. Rockdale County Bd. of Health*, 290 Ga. App. 698, 700 (1) (660 SE2d 44) (2008). See also OCGA § 24-2-221 (effective January 1, 2013, judicial notice may be taken of a certified copy of any ordinance or resolution under specified circumstances).

Accordingly, the trial court erred by concluding that the Crofts were required to raze or rebuild their home as a result of a county code or ordinance.

Even if we were to accept that the provisions of an ordinance as alleged by the Crofts (or as explained in the Glynn County letter), the pleadings, when construed as set forth above, show that there are issues of material fact regarding whether the ordinance would require the Crofts to rebuild their home. First, there is a material issue regarding the cost to repair the Crofts' home. GFB's appraisal of the damage to the property is $147,186.44, which is less than half the appraised value of the house, whereas the Crofts' appraisal amounts to more than 50 percent of the appraised value of the house.[4] This factual issue is material because under GFB's appraisal, Glynn County presumably would approve the repairs to the house without requiring the Crofts to conform to new building requirements. Moreover, the policy provides a mechanism for resolving disputes between the insured and the insurer over the appraised amount of a loss; and the parties have yet to resolve the dispute of the amount of loss under that provision. Second, there is a material issue regarding the

[4] The Crofts' brief contains wholly unsupported assertions that GFB's repair estimate was an attempt "to defraud Glynn County into giving the Appellees a building permit." "We will not consider on appellate review any assertions of fact unsupported by the trial record." (Citation omitted.) *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (a) (415 SE2d 4) (1992).

7

appraised value of the house. According to the letter from the Glynn County official, the determination of whether a structure has been substantially damaged depends in part on the "market value of the structure *before* the damage occurred." (Emphasis supplied.) Whereas the Crofts rely on an appraisal of the property made "as of April 17, 2012," which is eight months after the fire. Third, the appraisal of the house offered by the Crofts states that $308,133.58 is the "depreciated cost of building improvements." The Crofts have not shown that this figure is equivalent to the "market value of the structure before the damage occurred," the standard stated in the Glynn County official's letter.

In sum, there are issues of fact and law as to whether the Crofts are required to raze and rebuild their home as a result of a Glynn County ordinance, which is an essential part of their claim that GFB should be required to compensate them for the replacement cost of the entire structure. The trial court therefore erred by granting judgment on the pleadings in the Crofts' favor.

2. GFB also contends the trial court erred by denying its motion for summary judgment because the Ordinance or Law exclusion is unambiguous, valid and enforceable. But summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-

56 (c). As already shown, and as GFB admits, there are genuine issues of material fact as to whether the Ordinance or Law exclusion is triggered with regard to the Croft's insurance claim.

In its brief in the trial court, GFB impliedly acknowledges that the Crofts' case turns on an issue of fact and that the question of whether the Ordinance or Law exclusion applies to the Crofts' insurance claim depends on resolution of the issue of fact:

> This declaratory judgment case arises out of a dispute over whether the cost to repair the damage to the plaintiffs' home exceeds fifty percent of the value of the home and, if so, whether a code upgrade exclusion in GFB's homeowner's policy is valid.

GFB further acknowledges that if the Crofts had utilized GFB's lower appraisal of the damage to the house in their application for a building permit from Glynn County, "Glynn County's code upgrade ordinance would not apply." Similarly, on appeal GFB argues that it was error for the trial court to conclude that the code upgrade ordinance "is necessarily triggered."

We agree, as shown in Division 1, that there are issues of fact as to whether the Crofts are impacted by any Glynn County ordinances with regard to repairing their house. And we conclude that it would be premature for this Court to determine in the

9

abstract whether the Ordinance or Law exclusion in the Crofts' policy is enforceable as a matter of law. See generally *Cheeks v. Miller*, 262 Ga. 687, 688 (425 SE2d 278) (1993) ("A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot.") (citation omitted). See, e.g., *Ga. Farm Bureau Mut. Ins. Co. v. Franks*, 320 Ga. App. 131, 139 (3) (739 SE2d 427) (2013) (physical precedent only) (where insurer had not shown that the value of the dwelling on the date of loss triggered application of Georgia's Valued Policy Statute, OCGA § 33-32-5, the insurer's argument regarding application of the statue was not ripe for review in this Court).

Because GFB has not shown that it is entitled to summary judgment, we find no error in the trial court's denial of its motion.

*Judgment affirmed in part and reversed in part. Phipps, C. J., and Ellington, P. J., concur*.