**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2018**

# In the Court of Appeals of Georgia

A17A2039. DELPIANO v. JPMORGAN CHASE BANK, N. A.

McFADDEN, Presiding Judge.

Daniel David Delpiano appeals from the trial court's order granting judgment on the pleadings to JPMorgan Chase Bank, N. A. (the bank) in the bank's action to reform a security deed. "A plaintiff is entitled to a judgment on the pleadings under OCGA § 9-11-12 (c) only when there is a complete failure to state a defense to the plaintiff's claims and, based on the undisputed facts found in the pleadings, the plaintiff is entitled to a judgment as a matter of law." *Georgia Farm Bureau Mut. Ins. Co. v. Croft*, 322 Ga. App. 816, 817 (746 SE2d 285) (2013) (citations omitted). In this case, the undisputed facts found in the pleadings do not establish that the bank was entitled to a judgment as a matter of law, because they do not demonstrate all of the essential elements of the bank's claim. So we reverse. Given this ruling, we do not

consider the merits of Daniel Delpiano's alternative argument regarding his affirmative defense.

On appeal,

> we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the pleadings in a light most favorable to the appellant, drawing all reasonable inferences in [his] favor. All well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false.

*Poole v. In Home Health*, 321 Ga. App. 674 (742 SE2d 492) (2013) (citation omitted).

The bank, the moving party in this case, filed a verified complaint on May 17, 2016, that pertinently[1] alleged the following: In or around June 2015 it was assigned all right, title, and interest in a security deed, dated March 29, 2005, that encumbered property owned by Daniel Delpiano. The deed secured a loan to Pamela Delpiano, and the parties to that deed were Pamela Delpiano and the bank's predecessor in interest. "Upon [the bank's] information and belief, as the result of a clerical error and

---

[1] We only discuss those allegations relevant to the trial court's ruling as to Daniel Delpiano. The bank also brought its action against several other defendants. Those other defendants are not parties to this appeal.

mutual mistake that was unknown to and/or inadvertently overlooked by the parties at the time that the [s]ecurity [d]eed was signed, the signature line for the unofficial witness to P[amela] Del[p]iano's signature was left blank." Other documents signed at the same time contained the signature of an unofficial witness. "Upon [the bank's] information and belief, [Pamela] Del[p]iano and [the bank's predecessor in interest] intended for the [s]ecurity [d]eed to secure the [l]oan and to provide [the bank's predecessor in interest] with a first priority security interest in the [p]roperty." Pamela Delpiano transferred her interest in the property to Daniel Delpiano on July 6, 2010, by way of a quitclaim deed pursuant to a divorce decree. Pamela Delpiano failed to make her scheduled monthly payments on the loan secured by the property, but the bank has been unable to perfect a first priority security interest and foreclose due to the lack of the unofficial witness's signature on the security deed. The bank sought equitable reformation of the security deed and a declaration that the security deed was "valid, enforceable, and occupie[d] a first priority lien position and security interest in the [p]roperty to [the bank] pursuant to the [s]ecurity [d]eed, nunc pro tunc to April 30, 2005, the date the [s]ecurity [d]eed was recorded in the Fulton County, Georgia real estate records."

3

Daniel Delpiano, the opposing party in this case, filed a verified answer and an amended answer. In those pleadings, he admitted that he is the current owner of the property and that he received his interest in the property from Pamela Delpiano by way of a quitclaim deed dated July 6, 2010. He either denied the remaining allegations of the bank's complaint outright or stated that he could neither admit nor deny those allegations. He also asserted numerous affirmative defenses, including that the statute of limitation barred the bank's claim.

At this stage of the proceedings, the bank has "failed to show that [it is] clearly entitled to judgment," *Sherman v. Fulton County Bd. of Assessors*, 288 Ga. 88, 90 (701 SE2d 472) (2010), because the undisputed facts found in the pleadings do not satisfy the elements that the bank, as plaintiff, must prove to obtain judgment on its reformation claim. To prevail, the bank bears the burden of showing "by clear, unequivocal and decisive evidence that both [parties to the security deed] made a mutual mistake in preparation of the instrument and that the [bank] was not so negligent in executing the instrument or discovering any mistake appearing therein as to be estopped to ask for reformation." *Cox v. Smith*, 244 Ga. 280, 282 (1) (260 SE2d 310) (1979). (The parties presume that a defect in the attestation of the

4

instrument is a type of mistake that is capable of being reformed, so we do not address that issue.)

Daniel Delpiano effectively denied the bulk of the bank's complaint, either by denying the allegations outright or stating that he could neither admit nor deny them. See OCGA § 9-11-8 (b) (answer indicating that party is "without knowledge or information sufficient to form a belief as to the truth of an averment . . . has the effect of a denial"). For purposes of the motion for judgment on the pleadings, the allegations denied by Daniel Delpiano — including all of the allegations pertaining to the intent of the parties to the security deed and the purported mutual mistake — must be taken as false. *Georgia Farm Bureau Mut. Ins. Co.*, 322 Ga. App. at 817. Compare *Rolling Pin Kitchen Emporium v. Kaas*, 241 Ga. App. 577, 578 (2) (527 SE2d 248) (1999) (plaintiff entitled to judgment on the pleadings where defendants admitted all essential elements of complaint).

Nevertheless, the bank argues that it is entitled to judgment on the pleadings because a different defendant, Pamela Delpiano, admitted to the allegations in the complaint regarding intent and mutual mistake by failing to answer or otherwise respond to the complaint. See generally *Willis v. Allstate Ins. Co.*, 321 Ga. App. 496,

5

498 (740 SE2d 413) (2013) (defendant in default admits all well-pleaded material allegation of complaint). We disagree.

> Although Pamela Delpiano's default
>
> result[ed] in an admission as to [Pamela Delpiano] of the truth of all well-pleaded material facts alleged against [her] in the complaint, [her] default does not have the same effect as to [her] co-defendant, [Daniel Delpiano], who is not in default. An admission predicated upon a default is operative against the particular party who makes default, and does not bind a co-defendant who appears and contests the litigation.

*Stokes v. McRae*, 247 Ga. 658, 659 (2) (278 SE2d 393) (1981) (citations and punctuation omitted). See *Banks v. Echols*, 302 Ga. App. 772, 775 (1) (a) (691 SE2d 667) (2010) (party cannot rely on default judgment against one defendant to obtain judgment authorizing foreclosure against co-defendant who had denied complaint allegations and raised affirmative defenses to claims); *Anthony v. Larios*, 256 Ga. App. 248, 248-249 (568 SE2d 135) (2002) (defendant driver's admission by default that he was an uninsured motorist does not bind plaintiff's uninsured motorist carrier). Because Daniel Delpiano appeared and contested the litigation, Pamela Delpiano's default, and the admissions that arose from her default, are not binding upon him. So Pamela Delpiano's "admission by default presented no evidence for .

6

. . consideration in [the ruling on the motion for judgment on the pleadings]." *Stokes*, supra.

Because the bank cannot rely on Pamela Delpiano's admissions by default to bind Daniel Delpiano, the bank cannot show, on its motion for judgment on the pleadings, the essential elements of its claim for reformation. And because the bank is not entitled, at this stage, to a judgment reforming the security deed, it is not entitled to a declaration of its rights premised on a reformed security deed. Consequently, because the bank "failed to show that [it is] clearly entitled to judgment, the trial court erred in granting the motion for judgment on the pleadings." *Sherman*, 288 Ga. at 95.

Given this conclusion, we need not address Daniel Delpiano's alternative argument that his answer stated an affirmative statute-of-limitation defense precluding the bank from obtaining judgment on the pleadings.

*Judgment reversed. Branch and Bethel, JJ., concur*.