58280. TERMPLAN, INC. OF WEST END v. JOSEPH.

BIRDSONG, Judge.

Appellant sued to recover on a note under the provisions of the Georgia Industrial Loan Act. Appellant's complaint alleged in Paragraph 3: "That plaintiff is duly licensed to do business under the Georgia Industrial Loan Act and was so licensed on the date of said instrument."

Appellee filed an answer and did not deny the allegations set forth in Paragraph 3 of plaintiff's petition.

At the trial of the case, appellant offered no proof that appellant was authorized to do business under the Georgia Industrial Loan Act. At the close of the evidence, the trial judge entered a directed verdict for the appellee based upon the failure of the appellant to prove it was authorized to do business under the Georgia Industrial Loan Act.

Appellant requested that the case be reopened and that appellant be allowed to prove it was licensed to do business under the Georgia Industrial Loan Act. This was denied.

In appellant's two enumerations of error, it assigns error (1) it was not necessary to prove it was a licensee under the Georgia Industrial Loan Act absent any denial by the appellee of appellant's allegation in Paragraph 3 of its complaint; and (2) the trial court abused its discretion in not reopening the case and allowing the appellant to prove it was licensed under the Georgia Industrial Loan Act. *Held:*

The trial court committed reversible error in granting the directed verdict for the appellee. This court in *Gray v. Fin. America Corp.,* 145 Ga. App. 253 (243 SE2d 671) stated: "The initial averment in Finance America's complaint was that it 'at all times referred to was, and is duly licensed and doing business under the Georgia Industrial Loan Act.' The Grays did not deny this claim in their answer. 'Averments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading.' Code Ann. § 81A-108 (d). Appellants are therefore barred from disputing the applicability of the Industrial Loan Act to this loan on appeal."

In view of the above ruling, enumeration of error no. 2 becomes moot.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED
OCTOBER 11, 1979.

*Richard V. Karlberg, Jr.,* for appellant.
Franklin Joseph, *pro se.*