## 76581. JAMES C. WELCH CONSTRUCTION COMPANY v. QUANTUM GROUP, INC.
### (374 SE2d 232)

BEASLEY, Judge.

1. Quantum sued Welch Construction for $7,776, plus 1½ percent interest for services rendered. It alleged that it had been employed at $90 per hour, plus expenses for outside and temporary help, to assist in arbitration of a contract dispute. It also alleged that it worked until Welch Construction told it to stop, that it sent statements to Welch Construction to show the amounts due, and that the latter refused to pay the balance due as claimed. No documents were attached to the complaint showing how the amount sued for was arrived at, nor were there allegations specifying such.

Welch Construction defaulted, and when the court declined to open default, Welch Construction demanded a jury trial on damages pursuant to OCGA § 9-11-55 (a). It claimed it was entitled to such because the damages were unliquidated. Whether they were or were not forms the issue on appeal, for the trial court declined to order a trial and entered judgment for the principal amount claimed plus a certain amount for interest, as calculated to a date prior to judgment.

Quantum's position is that the complaint shows that this was an open account so that it is not to be considered unliquidated because the Code section provides that: "An action based upon open account shall not be considered one for unliquidated damages within the meaning of this Code section." So a defaulting defendant would be disentitled to a damages trial even on an open account. Thus Quantum draws the immediate issue more narrowly.

We said in *Gage v. Tiffin Motor Homes,* 153 Ga. App. 704, 706 (1) (266 SE2d 345) (1980): "Black defines an open account as one 'which has not been finally settled or closed, but is still running or open to future adjustment or liquidation.' Black's Law Dictionary. Georgia law agrees with this definition. See *Smith v. Ellington,* 14 Ga. 379, 382. The U. S. Supreme Court concurs. See *Smith v. Davis,* 323 U. S. 111 (65 SC 157, 89 LE 107)." In that case we ruled that the evidence established an open account. Black's goes on to explain: "Open account, in legal as well as in ordinary language, means an indebtedness subject to future adjustment, and which may be reduced or modified by proof," citing a Wyoming case. See also *Davies v. Turner,* 61 Ga. App. 531, 536 (3) (6 SE2d 356) (1939).

The problem is that the complaint does not establish, even with

its allegations admitted by virtue of default, that the service provider and its client operated under an open account arrangement. See *Hazlett & Hancock &c. Co. v. Virgil Womack &c. Co.*, 181 Ga. App. 25, 26 (1) (351 SE2d 218) (1986).

Nor does it appear from the complaint that the amount was liquidated as between the parties. The complaint does not show that it was an account stated, as in *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506, 508 (7) (305 SE2d 14) (1983), and the fact of default does not render it liquidated. Otherwise in every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default, and the Code section's provision for trial as to damages involving unliquidated amounts in contract cases would rarely if ever occur. Here, by its tardy answer, defendant has earned the opportunity to contest the amount of damages because it "has placed the damages in issue by filing a pleading raising such issue," as provided by the Code section.

2. Since the appeal is meritorious, it follows that appellee's motion for damages for a frivolous appeal must be denied.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 7, 1988.

*Marcus B. Calhoun, Jr.*, for appellant.
*John P. Partin*, for appellee.