## A99A0071. MORGAN v. WACHOVIA BANK, N.A.
(514 SE2d 239)

Judge Harold R. Banke.

Wachovia Bank, N.A. ("Wachovia") instituted an action for debt collection against Raymond D. Morgan for the past due balance under a motor vehicle installment sales contract. Morgan appeals the judgment entered on the pleadings.

In its single-page unverified complaint, Wachovia asserted that Morgan "is indebted to plaintiff in the sum of $13,592.88, plus interest of $1,118.99, plus interest on said principal at the rate of 8.450% per annum from July 10, 1997, plus attorney's fees on a contract, copy of which is attached, marked Exhibit 'A,' and made a part of this petition." Morgan filed the following handwritten pro se response: "I am answering civil action #97VSO1308414 by turning in this form Oct 6th 1997. I request that any plea, answer or arrangements be refered [sic] to Davenport Law Offices." At the bottom of his response was typed: "WHEREFORE, DEFENDANT DEMANDS THAT THE PLAINTIFF'S COMPLAINT BE DISMISSED WITH ALL COST CAST TO PLAINTIFF." Morgan did not subsequently timely file an amended answer or any responsive pleading.

About two months later, Wachovia sought judgment on the pleadings without a hearing pursuant to OCGA § 9-11-12 (c). With no further response from Morgan occurring during the interim, the trial court entered judgment in the specific amounts that Wachovia had sought. The judgment entered on February 23, 1998, ordered Morgan to pay $13,592.88 principal, $1,118.99 interest, $1,381.44 for attorney fees and $85 in court costs. On March 2, 1998, Morgan filed a response to Wachovia's motion for judgment on the pleadings or alternatively a motion to set aside the judgment. *Held*:

1. Morgan contends that the trial court erred by finding that his answer was not legally sufficient.

Nothing in the record indicates that the trial court considered Morgan's answer as defective when it granted judgment on the pleadings. Nevertheless, it is apparent that Morgan's answer did not deny any of the allegations or assert any defense. Averments in a pleading to which a response is required, as here, are admitted when not denied. *Termplan, Inc. v. Joseph*, 151 Ga. App. 689, 690 (261 SE2d 433) (1979). All defendants, including pro se defendants, are charged with the duty of pleading affirmative defenses. OCGA § 9-11-8 (c). Affirmative defenses not raised by answer, or amendment,

or by timely motion are waived. *Rimes Tractor &c. v. Agricredit Acceptance Corp.*, 216 Ga. App. 249, 250-251 (454 SE2d 564) (1995); *Security Ins. Co. &c. v. Gill*, 141 Ga. App. 324, 326 (233 SE2d 278) (1977) (affirmative defenses listed in subsection (c) may be raised by amendment).

2. Morgan asserts that the trial court erred in denying his motion to set aside the judgment because Wachovia failed to prove the damages were, in fact, liquidated damages.

It is undisputed that the trial court granted judgment on the pleadings, not default judgment. For purposes of an OCGA § 9-11-12 (c) motion, "all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) (1978). Here, as noted above, Morgan's answer did not appear to deny any material allegation. Compare *Jones v. Kim*, 189 Ga. App. 5, 6 (2) (374 SE2d 820) (1988).

The contract attached to Wachovia's complaint required Morgan to make 65 monthly payments of $399.80 beginning June 23, 1996, and obligated Morgan, in the event of default, to pay reasonable attorney fees and the expenses of litigation as well as the unpaid balance of the contract. However, Wachovia offered no testimony or any documentation explaining its method of calculating the specific amounts sought. Nor did it offer evidence of Morgan's account payment history.

A debt is liquidated when it is rendered certain how much is due and for what. *Copelan v. O'Dwyer*, 159 Ga. App. 750, 751 (285 SE2d 216) (1981). Since we cannot be certain of the amounts due under the terms of the agreement without reference to evidence outside the pleadings, the amounts are unliquidated and must be established. *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 27 (2) (351 SE2d 218) (1986); accord *James C. Welch Constr. Co. v. Quantum Group*, 188 Ga. App. 740, 741 (1) (374 SE2d 232) (1988). Because the pleadings do not contain evidence from which the trial court could confirm Wachovia's calculations of its purported damages, we must reverse. *Hazlett &c.*, 181 Ga. App. at 28. Compare *Shaef Chem. Co. v. Cook*, 106 Ga. App. 223, 226 (4) (126 SE2d 806) (1962) (when a debt or demand is for a liquidated or fixed amount, whether by the agreement of the parties or by operation of law, no jury trial on damages is necessary).

3. Morgan contends that the trial court erred in awarding attorney fees and interest without proof of the same. The unverified complaint including the contract attached thereto do not reveal how Wachovia calculated the interest or attorney fees. Even assuming that Wachovia relied upon the provisions of OCGA § 13-1-11 (a) (2), it failed to offer any documentation as to its calculations of those statu-

tory fees. Otherwise, a request for unliquidated damages, such as attorney fees, generally requires an evidentiary showing to substantiate the amount claimed. *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 668 (2) (476 SE2d 43) (1996). Here, there was neither. Upon remand, Wachovia must present admissible evidence in support of its damages.

*Judgment reversed. Beasley, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1999 —
RECONSIDERATION DENIED MARCH 29, 1999 — 

*Gibson, Deal & Fletcher, William A. Fletcher, Jr.*, for appellant.
*Mann, Bracken, Layng & Knezo, M. Douglas Mann, Stephen J. Knezo*, for appellee.