A00A2039. UNIVERSAL UNDERWRITERS INSURANCE COMPANY v. ALBERT.
(546 SE2d 361)

RUFFIN, Judge.

In this subrogation action, Universal Underwriters Insurance Company (Universal) sued Edna Albert for conversion. In its complaint, Universal alleged that Albert converted a 1993 Nissan 300 ZX, which belonged to Universal's insured, ATC Collision, Inc. (ATC), and that while she possessed the car, it sustained damages valued at $6,734.23. Albert answered pro se, merely asserting: "I would like to go before the court to state my case." Before the start of a bench trial on the matter, the trial court found that Albert's answer "sufficiently constitutes a general denial" and therefore denied Universal's motion for judgment on the pleadings as to liability. After Universal presented evidence of damages, the trial court, sua sponte, dismissed Universal's complaint pursuant to OCGA § 9-11-41 (b) because it failed to establish that Albert caused the damages. Universal appeals these rulings, and for reasons which follow, we reverse.

1. Universal asserts that the trial court erred in denying its motion for judgment on the pleadings on the ground that Albert's answer constituted a legally sufficient general denial. We agree.

Under our Civil Practice Act, a defendant answering a complaint is required to "state in short and plain terms [her] defenses to each claim asserted and shall admit or deny the averments upon which the [plaintiff] relies."[1] If a defendant intends to controvert all the allegations in a complaint, she may, subject to the certification

---

[11] See *Byram v. State,* 189 Ga. App. 627, 628 (3) (376 SE2d 909) (1988).
[12] Id.
[1] OCGA § 9-11-8 (b).

requirements of OCGA § 9-11-11, file a general denial.[2] A consequence of these pleading rules is that "[a]verments in a [complaint], . . . other than those as to the amount of damage, are admitted when not denied in the [answer]."[3] Even pro se defendants are bound by these rules.[4] And, when a defendant completely fails to deny the well-pled allegations in the complaint, or state a defense, the plaintiff is entitled to judgment on the pleadings.[5]

In this case, Universal sufficiently pled its allegation that Albert converted the vehicle.[6] Albert's answer to this allegation did not constitute a general denial. Instead, Albert merely asserted that she wanted to come before the court to "state [her] case." It is impossible to discern from this answer whether Albert admitted Universal's allegations, whether she denied Universal's allegations, or whether she was without sufficient knowledge to admit or deny the allegations. Because Albert failed to deny Universal's allegations that she converted the vehicle and that it was damaged while in her possession, the trial court should have accepted them as true and granted Universal's motion for judgment on the pleadings as to Albert's liability.[7]

2. Similarly, the trial court erred in dismissing Universal's complaint on the ground that Universal "failed to present any evidence that [Albert] caused the damages to the vehicle." Where personal property is converted, but returned to the owner prior to trial, the owner is entitled to "recover damages for the diminution in value of the stock . . . for the time period between the alleged conversion and the property's return."[8] Thus, the salient question here is simply whether the vehicle diminished in value during the period in which it was converted, and it is irrelevant whether Albert caused the damage. Accordingly, the trial court erred in dismissing Universal's complaint on this ground.

3. Although Universal presented evidence showing the fair market value of the car without damage, the dollar value of damages

---

[2] See id.

[3] OCGA § 9-11-8 (d); *Morgan v. Wachovia Bank*, 237 Ga. App. 257 (1) (514 SE2d 239) (1999).

[4] See id.

[5] See id.; *Howard v. Bank South*, 209 Ga. App. 407, 409 (1) (433 SE2d 625) (1993) (ruling that judgment on the pleadings is proper where there is a complete failure to state a defense).

[6] See OCGA §§ 9-11-111 (providing a form complaint for conversion which establishes that a complaint need only state that the "defendant converted to his own use"); 9-11-84 (providing that form is sufficient under the Georgia Civil Practice Act); see also *Prudential Ins. Co. of America v. Baum*, 629 FSupp. 466, 474 (N.D. Ga. 1986).

[7] See *Morgan*, supra.

[8] *Campbell v. Bausch*, 195 Ga. App. 791, 792 (1) (395 SE2d 267) (1990).

prior to the conversion,[9] and the dollar value of damages when the car was returned, the trial court erroneously rejected this evidence upon concluding that the case should be dismissed.[10] In addition, as a consequence of the court's decision, Albert was denied the opportunity to present evidence controverting Universal's damage evidence. Inasmuch as the damages in this case are unliquidated, a new trial on the issue of damages is required.[11]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 5, 2001.

*Ronald W. Parnell*, for appellant.
Edna Albert, *pro se*.

---

[9] At the time Albert converted the car, it was in ATC's body shop for repair of damage from a prior collision.

[10] See *Termplan of West End v. Joseph*, 151 Ga. App. 689, 690 (261 SE2d 433) (1979).

