## A10A1517. ALEXANDER v. WACHOVIA BANK, NATIONAL ASSOCIATION.
(700 SE2d 640)

BLACKBURN, Senior Appellate Judge.

Christine H. Alexander appeals from the trial court's grant of judgment on the pleadings to Wachovia Bank, National Association ("Wachovia") in a suit brought by Wachovia to recover amounts allegedly owed by Alexander under the terms of a promissory note. Because Alexander's pleadings disputed the amounts that Wachovia alleged were owed under the note, and because Wachovia failed to offer any proof as to those amounts, we vacate the order of judgment and remand the case for a determination of Wachovia's damages.

"On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the [pleadings] in a light most favorable to the appellant, drawing all reasonable inferences in [her] favor." (Punctuation omitted.) *Hewell v. Walton County*.[1] "[A]ll well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Punctuation omitted.) *Rolling Pin Kitchen Emporium v. Kaas*.[2]

---

[6] *Tante v. Herring*, 264 Ga. 694, 695 (2) (453 SE2d 686) (1994).

[1] *Hewell v. Walton County*, 292 Ga. App. 510, 510-511 (664 SE2d 875) (2008).

[2] *Rolling Pin Kitchen Emporium v. Kaas*, 241 Ga. App. 577, 578 (2) (527 SE2d 248) (1999).

So viewed, the record shows that in September 2004, Alexander executed a promissory note in favor of Wachovia in the principal amount of $45,938.50, with an annual interest rate of 7.04%. The loan was secured by a second lien on certain real property owned by Alexander, and was to be repaid in 360 monthly installments of $307.95. At some unspecified point in time between September 2004 and August 2009, Alexander defaulted on the note. Wachovia then initiated the current action.

Wachovia attached a copy of the promissory note to its complaint and asserted that, under the terms of the same, Alexander owed it $45,580.60 in principal, $3,244.04 in interest, and $4,907.47 in attorney fees. Acting pro se, Alexander filed an answer in which she did not deny her liability on the note, but disputed the amounts that Wachovia alleged were owed thereunder. Specifically, Alexander asserted that the property securing the note had been surrendered for foreclosure in November 2007, and that she believed that at least some, if not all, of the debt under the promissory note had been satisfied by proceeds from the foreclosure sale.

Wachovia moved for judgment on the pleadings, based on the fact that Alexander's answer did not deny liability. Alexander filed a response in which she again disputed the amounts Wachovia alleged were owed under the promissory note, stating "I have not denied the debt, but do not agree with the amount of debt [claimed by Wachovia]." The trial court granted Wachovia's motion and entered an order of judgment against Alexander and in favor of Wachovia for $53,732.19 (the entire amount requested in Wachovia's complaint), plus costs. Alexander now appeals from that order.

"In an action on a promissory note, a movant may establish a prima facie right to judgment as a matter of law [on the issue of liability] by producing the promissory note and showing that it was executed." *Vandegriff v. Hamilton.*[3] To be entitled to judgment on the pleadings on the issue of damages, however, a movant must show either liquidated damages or evidence demonstrating the method by which it calculated the specific damages sought. *Morgan v. Wachovia Bank, N.A.*[4] See also *Tucker Nursing Center v. Mosby*[5] ("[w]here a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which ... the trial judge ... can calculate the amount of the loss with a reasonable degree of certainty") (punctuation omitted).

---

[3] *Vandegriff v. Hamilton,* 238 Ga. App. 603, 604 (519 SE2d 702) (1999).
[4] *Morgan v. Wachovia Bank, N.A.,* 237 Ga. App. 257, 258 (2) (514 SE2d 239) (1999).
[5] *Tucker Nursing Center v. Mosby,* 303 Ga App. 80, 82 (1) (692 SE2d 727) (2010).

Although Alexander did not deny liability, she did dispute the amounts Wachovia claimed were owed under the note and, in response, "Wachovia offered no testimony or any documentation explaining its method of calculating the specific amounts sought[, such as] evidence of [Alexander's] account payment history" or evidence showing how it "calculated the interest or attorney fees" sought. *Morgan*, supra, 237 Ga. App. at 258 (2). Where, as here, "we cannot be certain of the amounts due under the terms of the agreement without reference to evidence outside the pleadings, the amounts are unliquidated and must be established." Id. See also *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*[6] ("[a]lthough the debt may in fact be 'clear, certain, manifest and ascertained,' the pleadings do not show it, and so for the purposes of . . . judgment [on the pleadings], must be considered unliquidated") (citation omitted). "Because the pleadings do not contain evidence from which the trial court could confirm Wachovia's calculations of its purported damages, we must [vacate and remand]." *Morgan*, supra, 237 Ga. App. at 258 (2).

*Judgment vacated and case remanded. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED AUGUST 20, 2010.

Christine H. Alexander, *pro se*.
*Jones, Morrison & Womack, Lewis N. Jones*, for appellee.

---

[6] *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 27 (2) (351 SE2d 218) (1986).