A11A2095. JACKSON v. CAVALRY PORTFOLIO SERVICES, LLC.
(723 SE2d 475)

DOYLE, Presiding Judge.

Tonisha Jackson appeals from the grant of summary judgment to Cavalry Portfolio Services, LLC ("Cavalry") in its action on a credit card contract filed against Jackson. She contends that the trial court erred by entering a judgment in reliance on the affidavit and exhibits supporting Cavalry's motion. For the reasons that follow, we agree and reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Cavalry's complaint alleged that Jackson had entered into a credit card agreement with MBNA America Bank, N. A., which account was ultimately assigned to Cavalry. According to the complaint, Jackson had defaulted on her $10,029.61 balance, and Cavalry was entitled to recover the principal balance, $1,929.59 in interest, additional interest at the rate of 24.990%, plus $1,190.01 in attorney fees.

Jackson filed a timely answer and denied the allegations. Cavalry moved for summary judgment and attached a supporting affidavit signed by an employee, Kristina Pagni. Based on her personal knowledge and certain attached business records, Pagni averred that Jackson had entered into a credit card agreement with Cavalry's predecessor, she had defaulted on the payments due, and the balance due of $10,029.61 was "charged off" by the predecessor. The affidavit further stated that the predecessor "indicated to [Cavalry] at the time of the transfer of the account [from the predecessor to Cavalry] that the balance was $10,029.61." Finally, the affidavit concluded:

> Since [Cavalry] turned over this account to its collection attorney, no payments have been received and it is [Caval-

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

ry's] understanding from its attorney that no payments have been made since the account was turned over and the principal sum of $10,029.61 is due, with interest in the amount of $3,330.46, additional interest at the rate of 24.990% per annum from the date of December 10, 2010.

Jackson opposed the motion, and after reviewing the record and relevant case law,[2] the trial court granted Cavalry's motion, entering a judgment as follows: "principal amount of $10,029.61, $3,447.20 interest through the date of December 27, 2010, continuing interest at the rate of 24.990% per annum and $1,190.01 in attorney's fees, plus all costs of court." Jackson now appeals.

Under the summary judgment statute, OCGA § 9-11-56 (c), "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, Cavalry's motion, affidavit, and supporting documents must demonstrate that it is entitled to judgment on its breach of contract claim by proving the breach and resultant damages.[3]

With respect to the amount of unpaid principal balance, Pagni's statement in the affidavit that Cavalry's predecessor in August 2009 *"indicated to"*[4] Cavalry "that the balance was $10,029.61" is not sufficient to show the actual balance due Cavalry because the statement is mere hearsay not subject to an exception.[5] Also inadmissible is Pagni's statement that *"it is [Cavalry's] understanding from its attorney*[6] that no payments have been made since the account was turned over and the principal sum of $10,029.61 is due." Such hearsay has no probative value whatsoever.[7]

It is well settled that affidavits in support of or in opposition to motions for summary judgment must set forth such facts

---

[2] A transcript of a hearing, if any, was not included in the appellate record.

[3] See *Norton v. Budget Rent A Car System*, 307 Ga. App. 501, 502 (705 SE2d 305) (2010) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.") (punctuation omitted).

[4] (Emphasis supplied.)

[5] See OCGA § 24-3-1 (a) ("Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons").

[6] (Emphasis supplied.)

[7] See *U. S. Lawns, Inc. v. Cutting Edge Landscaping, LLC*, 311 Ga. App. 674, 678, n. 2 (716 SE2d 779) (2011).

as would be admissible in evidence. . . . Hearsay, opinions, and conclusions in affidavits are inadmissible on summary judgment. And while a statement in an affidavit that it is based upon personal knowledge is generally sufficient to meet the requirement that affidavits be made upon such knowledge, if it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment.[8]

The only evidence of the actual balance due is a single credit card statement from July 2009 showing a balance of $10,029.61, but with only $2,463 due as a minimum payment. This does not support the damages award in the trial court's order, and viewed in favor of Jackson,[9] the July 2009 account statement conflicts with the affidavit's averment that the entire balance was due in August 2009.[10] Thus, for purposes of granting summary judgment to Cavalry, the actual amount due Cavalry was not sufficiently proved in the record before us.

Likewise, with respect to the trial court's award of past interest (in the amount of $3,330.46), the only evidence of this value is Cavalry's "understanding from its attorney." The same is true for the 24.990% interest rate imposed by the trial court's order. Neither the account statement nor the credit card agreement contain this interest rate. A party's "understanding from its attorney," as opposed to the witness's personal knowledge or reliance on admissible business records, is a wholly inadequate factual basis for an award of summary judgment.

In light of the deficiencies of Cavalry's affidavit and exhibits supporting its motion for summary judgment, the trial court erred by granting Cavalry's summary judgment motion.[11]

*Judgment reversed. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 16, 2012.

---

[8] (Punctuation omitted.) *Goddard v. City of Albany*, 285 Ga. 882, 887 (6) (684 SE2d 635) (2009).

[9] See *Matjoulis*, 226 Ga. App. at 459 (1).

[10] The billing statement explains that late payment may result in an increase in interest rate, but it does not state that late payment will accelerate the loan and make the entire balance due immediately.

[11] See *Ponder v. CACV of Colo., LLC*, 289 Ga. App. 858, 859 (658 SE2d 469) (2008) (reversing grant of summary judgment because the record was devoid of evidence supporting an essential element of breach of contract claim).

178

*William R. Carlisle*, for appellant.
*Sherwin P. Robin*, for appellee.