**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**March 1, 2013**

# In the Court of Appeals of Georgia

A12A2476. EZEOKE v. FIA CARD SERVICES, N.A.

MILLER, Presiding Judge.

FIA Card Services, N.A. ("FIA") filed suit against Pat Ezeoke to recover an unpaid debt on a credit card account. Appearing pro se, Ezeoke filed an answer that did not deny liability. FIA filed a motion for judgment on the pleadings, which the trial court granted. Ezeoke appeals that ruling, contending that the trial court erred in concluding that the documents attached to FIA's complaint were sufficient to prove liquidated damages. Since the pleadings do not confirm FIA's calculations of its purported damages, we vacate and remand.

On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the pleadings in a light most favorable to the appellant, drawing all reasonable inferences in her favor. All well-pleaded material allegations of the opposing

party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false.

(Citations, punctuation, and footnotes omitted.) *Alexander v. Wachovia Bank, Nat. Assn.*, 305 Ga. App. 641 (700 SE2d 640) (2010).

So viewed, the pleadings show that in 2006, Ezeoke entered into a credit card agreement with FIA. Ezeoke received a credit card with an account number ending in 9498 ("Account 9498") and began making charges against that account. After Ezeoke failed to make payments, FIA brought the instant action to recoup the outstanding balance on the account, which FIA claimed to be $16,855.32.

Appearing pro se, Ezeoke filed an answer in which she did not deny her liability on the credit card account. Rather, Ezeoke asserted that FIA's predecessor had offered to settle the credit card debt for $6,000 to be paid in full, and that she was unable to make such a payment.

FIA moved for judgment on the pleadings, based on the fact that Ezeoke's answer did not deny liability. Ezeoke filed no response to FIA's motion. The trial court granted FIA's motion and entered an order of judgment against Ezeoke and in favor of FIA for $16,855.32 (the entire amount requested in FIA's complaint), plus costs. Ezeoke now appeals from that order.

Ezeoke contends that the trial court erred in granting a judgment on the pleadings since FIA's documents in the record were insufficient to prove liquidated damages. We agree.

To establish it was entitled to judgment as a matter of law against Ezeoke on a credit card account, FIA was required to show that Ezeoke entered into an agreement or established an account with FIA, accumulated a balance, and failed to pay. See *Melman v. FIA Card Svs.*, 312 Ga. App. 270, 272 (2) (718 SE2d 107) (2011). Furthermore, "[t]o be entitled to judgment on the pleadings on the issue of damages, . . . a movant must show either liquidated damages or evidence demonstrating the method by which it calculated the specific damages sought." (Citations and footnotes omitted.) *Alexander*, supra, 305 Ga. App. at 642; see also *Tucker Nursing Center v. Mosby*, 303 Ga. App. 80, 82 (1) (692 SE2d 727) (2010) ("[w]here a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which . . . the trial judge . . . can calculate the amount of the loss with a reasonable degree of certainty") (punctuation omitted).

Here, FIA did not provide sufficient information for the trial judge to calculate the damages sought with a reasonable degree of certainty. Although Ezeoke's answer did not deny liability and did not dispute the allegations as to the amount she owed,

3

her failure to do so did not entitle FIA to a judgment on the pleadings. "[A]verments in a pleading as to the amount of damage are not admitted when not denied in the responsive pleading[.]"(Citation and punctuation omitted.) *Travelers Ins. Co. v. Johnson*, 118 Ga. App. 616 (2) (164 SE2d 926) (1968); see also OCGA § 9-11-8 (d).

FIA's complaint did not explain the basis for computing the $16,855.32 in damages sought on Account 9498. FIA attempted to establish the debt owed on Account 9498 through documents attached to its complaint.[1] On a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the pleadings. See *Lewis v. Turner Broadcasting System*, 232 Ga. App. 831, 832 (2) (503 SE2d 81) (1998). Nevertheless, the attached documents were not part of the pleading because they were not listed as exhibits and were not incorporated by reference in the complaint. OCGA § 9-11-10 (c); *Morrell v. Wellstar Health System, Inc.*, 280 Ga. App. 1, 2 (1) (633 SE2d 68) (2006) (document was not incorporated into the complaint, nor was a copy of the document attached as an

---

[1] FIA submitted the following documents: a certificate from FIA's Assistant Secretary purporting to show FIA's acquisition of the credit card account; an affidavit from FIA's records custodian indicating that Ezeoke owed $16,855.32 on a different account number ending in 2163; the credit card agreement for Account 9498; and the July 2010 monthly account statement for Account 9498 addressed to Ezeoke showing a balance of $16,855.32 with a $2,840 due as a minimum payment.

exhibit to the complaint, so it was clearly a matter outside of the pleadings). Compare *Shreve v. World Championship Wrestling*, 216 Ga. App. 387, 388 (1) (454 SE2d 555) (1995) (document attached to pleading was part of pleading when it was incorporated by reference).

Even if we were to consider the documents, the attached documents were insufficient to establish damages with a reasonable degree of certainty. "[FIA] was required to attach to the affidavit copies of the records relied upon and referred to therein that were *pertinent* to [Ezeoke's] debt." (Footnote omitted; emphasis in original.) *Melman*, supra, 312 Ga.App. at 272-273 (2). FIA failed to do so as the affidavit stated that Ezeoke owed $16,855.32 on an account ending with the numbers 2163, while the attached credit card agreement and billing statement are associated with Account 9498. See *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991) ("Where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient.") (citation omitted). Moreover, the July 2010 billing statement was insufficient to establish the amount of damages, even though it showed a balance of $16,855.32 on Account 9498, because it indicated that only $2,840 was due as a minimum payment. See *Jackson v. Cavalry Portfolio Svcs.*, 314

5

Ga. App. 175, 177 (723 SE2d 475) (2012) (the billing statement attached to record's custodians affidavit was insufficient to establish damages because the statement showed a balance of $10,029.61 with only $2,463 due as a minimum payment). Since the documents provided do not establish the amount owed on Account 9498 with certainty, the amounts are unliquidated and must be established. See *Alexander*, supra, 305 Ga. App. at 643 ("[A]lthough the debt may in fact be clear, certain, manifest and ascertained, the pleadings do not show it, and so for the purposes of judgment on the pleadings, [the debt] must be considered unliquidated[.]") (citation and punctuation omitted). Accordingly, we vacate and remand the trial court's order.

*Judgment vacated and remanded. Ray and Branch, JJ., concur in judgment only.*

6