**SECOND DIVISION**
**MARKLE, J.,**
**LAND and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 11, 2025**

# In the Court of Appeals of Georgia

A24A1812. CORKREN v. MAYNARD et al.

DAVIS, Judge.

Catherine Corkren, proceeding pro se, seeks review of various orders by the trial court dismissing some claims and granting summary judgment on other claims in her action under Georgia's Open and Public Meetings Act (OMA), OCGA § 50-14-1 et seq., against various officials of the City of Winder, Georgia. ("City") We agree with Corkren that the trial court erred in dismissing her claims that the City improperly discussed topics at its January 12-14, 2023 meetings that were not listed on the agenda and that the City officials failed to timely record the minutes from its January 2023 meetings at its next regular meeting on February 2, 2023, because the

trial court erroneously concluded that the claims were barred by the relevant statute of limitations. We otherwise affirm the trial court's orders.

> Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. Additionally, a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citations and punctuation omitted.) *Cardinale v. Westmoreland*, 367 Ga. App. 267, 268-269 (885 SE2d 275) (2023).

On May 8, 2023, Corkren filed the instant action, alleging that many City officials[1] violated OMA in a variety of ways. The primary focus of Corkren's

---

[1] Specifically, Corkren named as defendants (all in their individual capacities): (1) Mayor David Maynard; (2) City council members Sonny Morris, Kobi Kilgore, Jimmy Terrell, Travis Singley, Stephanie Britt, and Shannon Hammon; (3) City administrators Mandi Cody and Roger Wilhelm; (4) City attorney John Stell; and (5) City clerk Anna Childs.

complaint concerned a series of meetings that City officials held at Brasstown Valley Resort in Young Harris, Georgia, between January 12-14, 2023. Corkren alleged that the January meetings were conducted in violation of the OMA because the City officials (1) failed to provide an agenda of the meetings to the public in advance, as required by OCGA § 50-14-1 (e) (1); (2) failed to provide public notice of the location of the meeting, as required by OCGA § 50-14-1 (d) (2); (3) effectively denied public access to the meetings because they were held outside the limits of the City; and (4) improperly discussed topics at the meeting that were not listed in the agenda. Corkren later amended her complaint to add claims that the City violated OMA by failing to promptly approve the minutes from the January meetings at their next regular meeting on February 2, 2023, and that the City failed to list in the minutes the City officials who were present during various closed executive sessions during multiple meetings throughout 2023.

The parties each filed motions for summary judgment on all claims. The trial court concluded that the City officials did not violate OMA when they held the January meetings outside City limits, but it granted summary judgment in Corkren's favor on liability only on her claims that the City provided inadequate notice and failed

to provide the agenda of the meetings to the public, leaving to be addressed later the issue of the proper remedy and whether Corkren was entitled to civil penalties for these violations. The trial court also granted summary judgment to the City officials on Corkren's claim that various minutes failed to list the City officials who were present during various closed executive sessions, concluding that OMA does not require that information to be disclosed on the minutes. The trial court also concluded that fact questions precluded summary judgment to either party on Corkren's claims that the minutes from the January meetings were untimely adopted as well as her claim that the City officials improperly discussed topics at those meetings that were not disclosed on the agenda.

Corkren timely appealed from the summary judgment order. A few days later, the City officials filed a motion to dismiss for failure to state a claim, arguing in part that Corkren's claims regarding the January meetings and the failure to timely record the minutes at the next meeting on February 2, 2023, were barred by OMA's 90-day statute of limitations. The trial court granted the motion in part,[2] concluding that all

---

[2] Although the filing of a notice of appeal generally suspends all further proceedings below, OCGA § 5-6-46 (a), this Court returned the record to the trial court so that it could address the defense's motion. The trial court therefore had jurisdiction to rule on the motion.

of Corkren's claims concerning the January meetings as well as her claims that the minutes were not timely adopted on February 2 were time-barred and therefore dismissed. Corkren then filed an amended notice of appeal.

1. We first address Corkren's challenge to the trial court's conclusion that her claims regarding the January meetings were barred by the relevant statute of limitations. We agree with Corkren that her claims that the City improperly discussed topics at the January meetings that were not on the agenda and that the minutes from the January meetings were not timely adopted on February 2, 2023, are not time-barred, but we conclude that the trial court properly dismissed the remainder of her claims concerning the January meetings under the statute of limitations.

(a) As an initial matter, Corkren argues that the defendants' motion to dismiss was untimely filed after a motion for summary judgment was filed. This argument is without merit.

"A statute of limitation defense goes to the merits of the claim, and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6)[]" for failure to state a claim upon which relief may be granted. (Citation omitted.) *Mark A. Schneider Revocable Trust v. Hardy*, 362 Ga. App. 149, 154 (1) (867 SE2d 153) (2021). A defense

5

of failure to state a claim may be raised for the first time through a motion for judgment on the pleadings,[3] which may be filed at any time "[a]fter the pleadings are closed but within such time as not to delay the trial[.]" OCGA §§ 9-11-12 (c), (h) (2). While the defendants filed their motion on June 16, 2024, a mere two weeks before the scheduled final hearing on July 2, 2024, the final hearing was postponed due to Corkren's appeal from the summary judgment order, and the trial court was able to promptly address the motion. Since there is no indication that the motion delayed the trial, the defendants' motion was not untimely.[4]

(b) Corkren next argues that the trial court erred in concluding that the statute of limitations ran on her claims regarding the January meetings. We agree in part.

Any cause of action alleging that an agency held a meeting in a matter not permitted by law "shall be commenced . . . within 90 days from the date the party

---

[3] Although the defendants styled their motion as a motion to dismiss rather than a motion for judgment on the pleadings, "pleadings, motions, and orders are to be construed according to their substance and function and not merely as to their nomenclature, being always mindful to construe such documents in a manner compatible with the best interest of justice." (Citation omitted.) *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997).

[4] We note that a defense of failure to state a claim may be raised for the first time at trial. OCGA § 9-11-12 (h) (2); see *Irvin v. Lowe's of Gainesville, Inc.*, 165 Ga. App. 828, 829 (1) (302 SE2d 734) (1983).

alleging the violation knew or should have known about the alleged violation." OCGA § 50-14-1 (b) (2). "Whether a cause of action is barred by the statute of limitation generally is a mixed question of law and fact, but the question is one of law for the court when the facts are not disputed." *Harrison v. McAfee*, 338 Ga. App. 393, 395 (2) (788 SE2d 872) (2016). "[T]he defense of statute of limitation is an affirmative defense under OCGA § 9-11-8 (c), and so the burden was on [defendants] to show that the [90-day] statute of limitation barred [Corkren's] suit." *Brown v. Coast Dental of Ga.*, 275 Ga. App. 761, 767 (1), 622 S.E.2d 34 (2005).

In her complaint, Corkren alleged that the January meetings were conducted in violation of the OMA because the City officials (1) failed to provide an agenda in advance, as required by OCGA § 50-14-1 (e) (1); (2) failed to provide public notice of the location of the meeting, as required by OCGA § 50-14-1 (d) (2); (3) effectively denied public access due to the remote location of the meetings; and (4) improperly discussed topics at the meetings that were not listed on the agenda. Corkren alleged that she "went to the Winder Community Center the morning of January 11 approximately 11:05 AM. No notice or agenda was posted there." Corkren alleged that she traveled to Young Harris to attend the January 12 meeting, but there was "no

indication . . . that . . . [a] meeting[] would even be occurring there." In a series of emails between Corkren and the defendants on January 11 and 12, 2023, Corkren cited the OMA to the defendants and explained that there was inadequate notice of the meeting and that there was no public agenda for the meetings, and the defendants provided her with an agenda of the meetings.[5] It is therefore readily apparent from the pleadings that Corkren had knowledge of any OMA violations concerning the location, the agenda, and any improper notice of the January meetings by January 12, 2023. Because her May 8, 2023 complaint was filed more than 90 days after this point, the trial court correctly concluded that these claims were time-barred.[6] *Tisdale v. City of Cumming*, 326 Ga. App. 19, 22-23 (755 SE2d 833) (2014).

We reach a different conclusion concerning Corkren's claims that the City officials discussed topics at the meetings that were not listed on the agenda and that

---

[5] Corkren attached these emails as exhibits to her complaint, and so they may properly be considered when ruling on a motion to dismiss or motion for judgment on the pleadings. *110 Hampton Point, LLC v. Ross*, 368 Ga. App. 630 (890 SE2d 33) (2023); *Ezeoke v. Fia Card Svcs., N. A.*, 320 Ga. App. 73, 75 (739 SE2d 81) (2013).

[6] In light of our conclusion, we do not reach Corkren's two enumerations of error arguing that the January meetings were not conducted in accordance with the Open Meetings Act because the notice to the public of the meetings was insufficient and that the City officials failed to provide proper access to the meetings to the public.

the minutes of the January meeting were not promptly recorded at the City's next regular meeting on February 2, 2023, as required by OCGA § 50-14-1 (e) (2) (B). In her complaint, Corkren alleged that she "should have known" about these violations on February 7, 2023, because that is when the January meeting minutes were formally adopted. There is nothing in Corkren's pleadings affirmatively showing that, before February 7, 2023, she knew or should have known the topics that were actually discussed at the January meetings, nor that she knew or should have known about the City officials' failure to adopt the meeting minutes during the February 2, 2023 meeting. See *Roberts v. DuPont Pine Products*, 352 Ga. App. 659, 662 (2) (835 SE2d 661) (2019) ("A motion to dismiss for failure to state a claim can properly be granted upon an affirmative defense only when the elements of the defense are admitted by the plaintiff or completely disclosed on the face of the pleadings.") (citation and punctuation omitted). While the City argues that it is not credible that Corkren did not know about the failure to timely adopt the meeting minutes until February 7, 2023, as noted above, it is the defendants' burden to prove an affirmative defense, and there is nothing affirmatively alleged in the pleadings showing that Corkren knew about the information before February 7, 2023. Moreover, "[a]ll well-pleaded material

9

allegations of [Corkren's] pleading are to be taken as true" for the purposes of resolving the defendants' motion. (Citation omitted.) *Ezeoke v. Fia Card Svcs., N. A.*, 320 Ga. App. 73 (739 SE2d 81) (2013). Because Corkren's May 8, 2023 complaint was filed within 90 days of February 7, 2023, OCGA § 1-3-1 (d) (3), we conclude that the trial court erred in ruling that these two claims are time-barred at this stage of the proceedings, and so we reverse the dismissal of these claims.

2. Corkren also argues that the trial court erred by granting summary judgment on her claims that the City's meeting minutes at various meetings throughout 2023 were deficient for failing to list the persons present during executive sessions. We conclude that the trial court properly granted summary judgment because the minutes sufficiently documented the executive sessions as a matter of law.

Our analysis of the Open Meetings Act is guided by our familiar principles of statutory interpretation:

> A statute draws its meaning, of course, from its text. Under our well-established rules of statutory construction, we presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an

10

ordinary speaker of the English language would. Though we may review the text of the provision in question and its context within the larger legal framework to discern the intent of the legislature in enacting it, where the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning ends.

(Citations omitted.) *Cardinale v. Westmoreland*, 367 Ga. App. 267, 274 (3) (885 SE2d 275) (2023).

The Open Meetings Act provides in relevant part that

[w]hen any meeting of an agency is closed to the public pursuant to any provision of this chapter, the specific reasons for such closure shall be entered upon the official minutes, the meeting shall not be closed to the public except by a majority vote of a quorum present for the meeting, the minutes shall reflect the names of the members present and the names of those voting for closure, and that part of the minutes shall be made available to the public as any other minutes.

OCGA § 50-14-4 (a).

Corkren contends that the phrase "the names of the members present" refers to the names of the members present *during the executive session*, and she contends that the various minutes at issue did not list those names. This reading, however, does not account for the context that phrase is contained in. The text of this first sentence of

11

OCGA § 50-14-4 (a) makes clear that it is primarily concerned with prescribing the procedure to *enter* into a closed executive session, not the content of the actual session itself. Thus, the more natural reading of "the names of the members present" in this context would be that this phrase refers to the members present *at the time of the vote* that formed the quorum to enter into the executive session. This reading is bolstered by the fact that the phrase "the names of the members present" is immediately followed by "and the names of those voting for closure," making clear that this provision is intended to provide the public with information about the decision to enter into an executive session, not the content of the actual session itself. Since all of the minutes that Corkren challenges reflect the members present at the time of the vote as well as how they voted on the motions to enter into an executive session, the trial court properly granted summary judgment on this claim.

Accordingly, we reverse the trial court's dismissal of Corkren's claims that the City improperly discussed topics at the January 2023 meetings that were not listed on the agenda and that the minutes from the City's January 2023 meetings were not timely recorded at the next regular meeting on February 2, 2023. We otherwise affirm the trial court's orders in this matter.

*Judgment affirmed in part and reversed in part. Markle and Land, JJ., concur.*